**SIMS v. UNION NEWS CO.**

United States District Court
S. D. New York.
March 8, 1954.

Rogge, Fabricant & Gordon, New York City, for plaintiff.

Richards W. Hannah, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff commenced suit against defendant by filing his complaint herein on November 17, 1953. He sought damages for an assault and battery allegedly committed upon him by defendant's employee in its restaurant in Columbia, South Carolina, on December 3, 1953 and for an alleged false arrest at the same time and place. Summons was served on defendant on November 18, 1953.

On December 4, 1953, before answering, defendant moved to transfer the action to the Eastern District of South Carolina, Columbia Division, and to strike out a part of the second cause of action in the complaint. After several adjournments the motion was argued before Judge Ryan on January 5, 1954. On January 6, 1954, Judge Ryan filed a signed memorandum granting the transfer and denying the motion to strike but without prejudice to its renewal in the court to which transfer was directed.

On January 15, 1954 defendant's attorney, by mail, served upon plaintiff's attorneys a proposed order of transfer, etc., with notice of settlement for January 22, 1954.

However, on January 19, 1954, plaintiff filed herein a voluntary dismissal of the action without prejudice under Fed. Rules Civ.Proc. rule 41(a) (1), 28 U.S. C.A. Judge Ryan signed the order of transfer, etc., on January 22, 1954.

The defendant now moves to vacate the aforesaid notice of voluntary dismissal.

It would appear that the motion to vacate the notice should be granted [1] inasmuch as, although no formal answer or motion for summary judgment has been made by defendant, substantial proceedings in the case have been entertained by this court.

■ However, I doubt that this court may now so rule on that ground because the action is now lodged in the Eastern District of South Carolina, Columbia Division. Judge Ryan's memorandum of January 6, 1954, in the absence of any requirement therein that a further order be thereon entered, must be deemed his order granting the motion to transfer.[2]

■ The fact that the clerk has not yet physically transferred the papers to the Eastern District of South Carolina because plaintiff's counsel by letter of February 11, 1954 requested him not to do so, does not alter my belief that this cause has been effectively transferred out of this jurisdiction.

Accordingly, defendant's motion to vacate plaintiff's notice of voluntary dismissal is granted upon the ground that the cause sought thereby to be dismissed was not pending in this district when the notice of dismissal was filed on January 19, 1954. It is so ordered.

---

1. Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 203 F.2d 105.

2. Southern & Eastern District General Rule 10(a). United States v. Roth, 2 Cir., 208 F.2d 467.