Joseph W. LITTMAN, Appellant,

v.

BACHE & CO., Appellee.

No. 24672.

United States Court of Appeals Second Circuit.

Motions Argued June 3, 1957.

Decided June 18, 1957.

---

William E. Jackson, New York City, for the motions.

Richard J. Stull, New York City, opposed.

Before HAND, LUMBARD and WATERMAN, Circuit Judges.

HAND, Circuit Judge.

This case comes before us on two appeals from orders of Judge Herlands made in an action, based upon diverse citizenship, asserting a claim of the plaintiff in contract against the defendant, his stockbroker. The action was filed on March 18 in the District Court for the Southern District of New York and on March 19, 1957, service of the complaint was made on the defendant. On April 26, 1957, the defendant moved to transfer for the convenience of witnesses to the District Court for the District of Florida under § 1404(a) of Title 28 U.S.C. Judge Herlands granted this motion from the bench on May 7th; on the 9th, when the order came on for settlement, the plaintiff wrote to the judge that he was moving for a reargument and asked that a transfer of the papers be stayed. Judge Herlands signed the order of transfer on the 14th, the day of reargument; but meanwhile, on the 13th the plaintiff had filed a "notice of dismissal" under Rule 41(a) (1) (i), and had begun an action against the defendant in the New York Supreme Court on the same transactions. The defendant at once moved to "vacate" the plaintiff's "notice of dismissal," and Judge Herlands granted the motion and denied the motion for reargument, but stayed the transfer of the papers which now remain in the office of the clerk for the Southern District of New York. The plaintiff's first appeal is from the order granting the transfer, and his second is

from that "vacating" the "notice of dismissal"; and the defendant moves to dismiss both appeals.

■■■ We can find no answer to the defendant's motion to dismiss the appeal from the order granting the transfer. Obviously it was not final, nor was it among those interlocutory orders that are expressly made appealable. It is true that in Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866, we treated an appeal from an order of transfer as though it were a petition for a mandamus; but the papers in the action had already been lodged in the office of the clerk of the court to which the action had been transferred, so that, if the appeal had been dismissed, no review of the order of transfer would have been possible. Since the appeal had been taken before the actual transfer, we agreed to disregard the error in form in not proceeding by petition for mandamus. In the case at bar the action has never been transferred, for we are unable to agree with the ruling in Sims v. Union News Co., D.C., 120 F.Supp. 116 that the order, ipso facto, effects a transfer. We regard it as settled that no appeal lies either from a denial of a motion to transfer, or from a grant if the transfer is stayed.[1] It is true that in Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777 the motion for transfer had been denied, and yet the court considered the merits upon an appeal; but with deference it seems to us that we should not extend our statutory jurisdiction by appeal, especially as the grant of mandamus is more restricted than the review on appeal. It may be that our jurisdiction should be extended, but Congress has very steadfastly refused to extend it, and we must be governed thereby. The appeal from the order granting the transfer will therefore be dismissed.

■■■ Coming next to the motion to dismiss the appeal from the order "vacating" the plaintiff's "notice of dismissal," it is obviously equally true of it, as of the appeal from the order granting the transfer, that it is not a final disposition of the action, but reopens the case for consideration upon the merits. On the other hand, it is settled that even when that is true, if the lower court had altogether lost jurisdiction over the action when the order was entered, an appeal from it will not be dismissed, but will be decided on the merits.[2] Hence the motion to dismiss the appeal at bar depends upon whether Judge Herlands had lost jurisdiction over the action when he "vacated" the plaintiff's "notice of dismissal." The express conditions attached to the privilege existed: i. e. the defendant had neither answered, nor moved for summary judgment. Judge Herlands thought, however, that the defendant's motion to transfer the action, coupled with the plaintiff's motion for reargument of the order was the equivalent of one or the other of those conditions. For this he relied upon Butler v. Denton, 10 Cir., 150 F.2d 687; Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F.2d 788, and Harvey Aluminum, Inc. v. American Cyanamid Co., 2 Cir., 203 F.2d 105. We cannot see the relevancy of either of the first two decisions, but the third did indeed further limit the plaintiff's privilege under Rule 41(a) (1) (i), for it held that the privilege had been lost because of the following steps in the action which occurred before the "notice" was filed. At the time of filing the complaint the plaintiff obtained an ex parte temporary stay and moved for an injunction, pendente lite, which resulted in a

1. Jiffy Lubricator Co. v. Stewart-Warner Corp., 4 Cir., 177 F.2d 360; Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., supra, 178 F.2d 866; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329.

2. Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013; Hamilton Coal Co. v. Watts, 2 Cir., 232 F. 832; Board of Supervisors of Rockland County v. Knickerbocker Ice Co., 2 Cir., 80 F.2d 248, 250; Larsen v. Wright & Cobb Lighterage Co., 2 Cir., 167 F.2d 320; Weilbacher v. J. H. Winchester & Co., 2 Cir., 197 F.2d 303.

hearing of several days and testimony of 420 pages, and at the conclusion of which the judge denied the injunction with a finding that "the plaintiff's chances of success on the ultimate trial were 'remote, if not completely nil.'" The plaintiff took an appeal, asking for a stay, but never brought on the appeal for a hearing. The defendants thereupon applied to another judge to stay the plaintiffs from suing elsewhere, and on the return day of that motion the plaintiffs filed the "notice of dismissal." In this context we held that, since the plaintiff's privilege presupposed that the defendant should not have been put to trouble or expense before the "notice" was filed, it was proper to imply that the conditions prescribed in the rule were not to be literally interpreted, and that enough had taken place to constitute the equivalent of the specified conditions. We do not mean to suggest that the facts at bar are in any degree similar to those in that case; moreover, we do not wish to be understood as either agreeing or disagreeing with the ruling that the rule is not to be construed as it reads. All that is important here is that we passed upon the merits of an order that had "vacated" the plaintiff's "notice of dismissal," and that this is the only question on this appeal. To that ruling we adhere and the defendant's motion to dismiss will be denied.

However, in order that the plaintiff may be able to file a petition for a mandamus, if the order, "vacating" the "notice of dismissal" is affirmed, the stay of any transference of the papers to the district court of Florida will be continued until the appeal from the order "vacating" the notice has been decided, and in case that order is affirmed for enough time thereafter to permit the plaintiff to file in this court a petition for mandamus.

The defendant's motion is granted to dismiss the appeal from the order granting the transfer.

The defendant's motion is denied to dismiss the appeal from the order "vacating" the plaintiff's "notice to dismiss."