**Edward O. THORP, Plaintiff-Appellant,**

v.

**John SCARNE and Simon & Schuster, Inc., Defendants-Appellees.**

**No. 845, Docket 78–7591.**

United States Court of Appeals, Second Circuit.

Argued March 28, 1979.

Decided June 6, 1979.

---

Thomas L. Creel, New York City (Charles R. Brainard, Suzanne L. Biggs, Kenyon & Kenyon, John K. Armstrong, Armstrong & Ulrich, New York City, of counsel), for plaintiff-appellant.

Richard Dannay, New York City (Schwab, Goldberg, Price & Dannay, New York City, of counsel), for defendants-appellees.

Before MOORE, FRIENDLY, and MESKILL, Circuit Judges.

MESKILL, Circuit Judge:

Rule 41 of the Federal Rules of Civil Procedure permits a plaintiff, under certain conditions, to dismiss an action without prejudice and without the consent of either the court or the defendant. This appeal presents for our consideration two issues: (1) our jurisdiction to entertain an appeal from a district court order purporting to vacate a plaintiff's notice of dismissal filed in apparent conformance with Rule 41(a)(1)(i), and (2) the proper interpretation of the conditions specified in Rule 41(a)(1)(i) under which the right to voluntary dismissal may be exercised.

The circumstances that prompted plaintiff-appellant to initiate and subsequently attempt to dismiss the lawsuit providing the backdrop for this appeal may be briefly set out. Edward O. Thorp, Professor of Mathematics at the University of California at Irvine and holder of a Ph.D. in mathematics, is a consultant and author whose major fields of interest include games of chance and gambling. Using his knowledge

of probability and game theory, Thorp has devised a system for the playing of the card game known as "21" or "blackjack." Thorp's system, which purportedly helps its adherents to improve their chances of winning the game and thus to lower their chances of losing money, is explained in detail in Thorp's book, "Beat the Dealer; A Winning Strategy for the Game of 21," a "best-seller" first published in 1962. John Scarne, also a consultant and author on the subject of gambling, has dismissed Thorp's system as unworkable and has rejected as inaccurate Thorp's claims concerning the system's efficacy in his own recently released book, "Scarne's Guide to Casino Gambling."

In September of 1978, after seeing portions of Scarne's book in the form of printer's galleys, Thorp sued Scarne and his publisher, Simon & Schuster, Inc., in an effort to halt distribution of "Scarne's Guide to Casino Gambling." Thorp's complaint alleged that publication of Scarne's book would constitute unfair competition under the Lanham Act, 15 U.S.C. § 1125(a); copyright infringement, 17 U.S.C. § 101 et seq.; common law unfair competition; injury to his business under New York's General Business Law §§ 279–n and 368–d; violation of his right to privacy and publicity under the common law and under New York's Civil Rights Law §§ 50 and 51; trade disparagement or trade libel under the common law; and defamation under the common law. In addition, Thorp alleged that he had no adequate remedy at law and that he would be irreparably harmed by distribution of defendants' book.

■ Relying solely on his statutory and common law unfair competition claims, Thorp requested a temporary restraining order prohibiting Simon & Schuster from releasing copies of Scarne's book to retail stores. A hearing on the application for a temporary restraining order was begun on October 13, 1978, and was continued on

October 18, 1978. On October 18, Judge Motley denied Thorp's application for a temporary restraining order and set October 27 as the date for a hearing on Thorp's application for a preliminary injunction. On October 19, the day after the application for a temporary restraining order was denied, Thorp, apparently feeling that the cards were stacked against him, filed a notice of voluntary dismissal under Fed.R. Civ.P. 41(a)(1)(i). A few hours later, defendants filed a motion for summary judgment on two of plaintiff's causes of action: the Lanham Act unfair competition claim and the copyright infringement claim. On October 23 Judge Motley, apparently inadvertently, "so ordered" plaintiff's notice of dismissal.[1] By letter dated October 25, defendants moved to vacate the notice of dismissal and requested that the action go forward; by letter dated October 26, Thorp opposed this motion. On October 27 Judge Motley, ruling from the bench, vacated her dismissal order and Thorp's notice of dismissal. Plaintiff's requests for reargument of the vacatur decision, and in the alternative, for certification of the decision under 28 U.S.C. § 1292(b), were denied. Thorp filed a notice of appeal. By stipulation of the parties and order of the district court, the due date for Thorp's response to defendants' motion for summary judgment has been extended until ten days after final disposition of Thorp's appeal.

Before considering whether the district court erred in denying Thorp the opportunity voluntarily to dismiss his action without prejudice under Rule 41(a)(1)(i), we must determine whether the district court's vacatur of Thorp's notice of dismissal is an appealable order, as the second question goes to our jurisdiction to decide the first question.

## I. APPEALABILITY

■ The appealability of an order vacating a notice of dismissal under Rule

---

1. The law is settled that the filing of a notice of dismissal under Rule 41(a)(1)(i) automatically terminates the lawsuit. No action by the court is necessary to effectuate the dismissal. *D. C.*

*Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294, 296 (6th Cir. 1975); *Miller v. Reddin*, 422 F.2d 1264 (9th Cir. 1970); *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

41(a)(1)(i) has been squarely upheld in this Circuit. In *Littman v. Bache & Co.*, 246 F.2d 490 (2d Cir. 1957), defendant-appellee moved to dismiss plaintiff's appeal on the ground that the vacatur order was interlocutory. The Court held that although such an order is "not a final disposition of the action, but reopens the case for consideration upon the merits . . . it is settled that . . . if the lower court had altogether lost jurisdiction over the action when the order was entered, an appeal from it will not be dismissed, but will be decided on the merits." [2] 246 F.2d at 492 (footnote omitted), appeal decided on the merits in *Littman v. Bache & Co.*, 252 F.2d 479 (2d Cir. 1958). *See also Kilpatrick v. Texas & P. Ry. Co.*, 166 F.2d 788 (2d Cir.), *cert. denied*, 335 U.S. 814, 69 S.Ct. 32, 93 L.Ed. 369 (1948) (L. Hand, *J.*) (reversing on appeal district court order vacating plaintiff's notice of dismissal).[3] Because, under the *Littman* formula, the question of our jurisdiction is thus dependent on our determination of the validity of the district court's action, we must of course assert jurisdiction in order to make that determination. *Cf. Phillips v. Negley*, 117 U.S. 665, 671–72, 6 S.Ct. 901, 903, 29 L.Ed. 1013 (1886) (if an order "was made without jurisdiction on the part of the court making it, then it is a proceeding which must be the subject of review by an appellate court"; "the question of our jurisdiction is necessarily included in the question of the validity of the proceeding [below]"). *See also Larsen v. Wright & Cobb Lighterage Co.*, 167 F.2d 320, 322 (2d Cir. 1948). *Compare* 5 Moore's Federal Practice ¶ 41.02[6], at 41–43, and 9 Wright & Miller, Federal Practice and Procedure: Civil § 2376, at 246, *citing Ex Parte Skinner & Eddy Corp.*, 265 U.S. 86, 44 S.Ct. 446, 68 L.Ed. 912 (1924), and suggesting application for a prerogative writ as the appropriate path for review of an interlocutory order subverting a plaintiff's right to dismissal under Rule 41(a)(1)(i).

## II.  RULE 41(a)(1)(i)

Although there is no transcript of the hearing held on appellant's application for temporary relief, it appears that the court indicated an inclination to grant a motion by defendants for partial summary judgment if such a motion were to be made and that the defense indicated an inclination to make such a motion. However, the district court's account of the hearing reveals that the defense was "directed" by the court to file a "formal" motion for summary judgment.[4] It appears, then, that the court and

---

**2.** The rationale of the *Littman* case is similar to that relied on in the line of cases upholding the appealability of district court orders granting relief from a final judgment, purportedly under Fed.R.Civ.P. 60(b), where the district court has improperly assumed jurisdiction and power to act. *See, e. g., Stradley v. Cortez*, 518 F.2d 488, 491–92 (3d Cir. 1975); *Rinieri v. News Syndicate Co.*, 385 F.2d 818, 821–22 (2d Cir. 1967); *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 543 n.5 (2d Cir. 1963). *See also* 7 Moore's Federal Practice ¶ 60.30[3], at 432 to 433.

**3.** More recently, in *D. C. Electronics, Inc. v. Nartron Corp., supra*, 511 F.2d 294, the Sixth Circuit implicitly upheld the appealability of such an order. Although the appealability issue was not discussed, the Court exercised jurisdiction over an appeal similar to the one before us and reversed the district court vacatur of a Rule 41(a)(1)(i) notice of dismissal which had been filed prior to service by the defendant of either an answer or a motion for summary judgment.

**4.** The district judge's recollection of the relevant events was set forth in an order, dated November 16, 1978, denying plaintiff's motion for reconsideration of the vacatur of the dismissal or for certification of the question. The court wrote:

Defendants submitted extensive affidavits and a brief in response to plaintiff's request for a TRO. Defendant argued that the complaint should be dismissed for failure to state a claim under the Lanham Act. Two hearings were held on the application for a TRO. On October 18, the court indicated that based on defendants' brief it would grant a motion for summary judgment on the Lanham Act claims, and gave plaintiff an opportunity to reply to the motion and directed the defendant to file a formal motion. The court stated that the defendant need not further brief the issues. The court then set a date for oral argument. The next day the plaintiff filed a notice of voluntary dismissal under Rule 41(a)(1), F.R.Civ.P. Defendant filed its formal notice of motion under Rules 12(b)(6) and 56, F.R.Civ.P., a few hours later on the same day.

the litigants were well aware that no such motion had been filed or served, although the probable ruling on such a motion, if forthcoming, was clear to all. The trial court subsequently found that defendants' "formal" notice of motion for partial summary judgment was not filed (and presumably was not served) until several hours after Thorp filed his Rule 41(a)(1)(i) notice.[5] Defendants concede that to date no answer has been served.

■ Under the circumstances the unambiguous wording of the rule would appear to dictate that Thorp's notice of dismissal be given effect.

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . . Unless otherwise stated in the notice of dismissal . . . the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Fed.R.Civ.P. 41(a)(1).[6] In vacating plaintiff's notice of dismissal, however, the district court stated that defendants' brief in opposition to Thorp's application for a temporary restraining order would be treated as the "equivalent" of a motion for summary judgment. The district court then concluded that service of this "equivalent" by defendants had terminated Thorp's right unilaterally to dismiss his action under Rule 41(a)(1)(i). We disagree.

The defense brief to which the district court referred advanced a number of arguments against the granting of Thorp's request for temporary and preliminary relief. Among these arguments was the contention that Thorp had alleged no conduct on the part of defendants cognizable under Section 43(a) of the Lanham Act. In concluding this section of their brief, defendants urged:

> Therefore, plaintiff's Section 43(a) claim cannot support the granting of a temporary or preliminary injunction and, moreover, *should be dismissed upon the law and the facts.*

Defendants' Memorandum of Law In Opposition to Plaintiff's Motion for Temporary and Preliminary Injunctive Relief at 17 (emphasis added). Defendants correctly point out that Fed.R.Civ.P. 12(b) provides that if on a motion to dismiss for failure to state a claim upon which relief can be granted "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ." It is not disputed that both sides submitted affidavits to the court. Assuming for the moment that the affidavits submitted presented "matters outside the pleading," *compare Terry v. Pearlman,* 42 F.R.D. 335 (D.Mass. 1967), defendants have failed to show that any *motion* to dismiss had been *filed or served.*[7] Defendants, not surprisingly, have cited no authority for the proposition that arguments advanced in a party's memorandum of law may be considered the equivalent of motions properly filed and served.

Far from being hurdles set up to trip unwary litigants, the filing and service requirements of the Federal Rules ensure that the parties to a proceeding have notice of all outstanding pleadings or motions which may call for a response before the court with jurisdiction over that proceeding makes its ruling. Defendants offer no reason why they should be exempted from conforming their conduct to these easy to

---

**5.** The court's finding was set forth in the order quoted in note 4, *supra.*

**6.** The parties agree that none of the exceptions listed in the first clause of Rule 41 is applicable to the instant case.

**7.** Rule 41(a)(1)(i) speaks of "service" by the defendant of an answer or a motion for summary judgment. *See* Fed.R.Civ.P. 5, defining "service" and "filing."

follow guidelines. On the other hand, there are many advantages to enforcing the rules as written. We conclude therefore that because defendants filed and served no motion to dismiss plaintiff's complaint (or any part thereof) for failure to state a claim, no Rule 12(b) transformation of such a motion into a motion for summary judgment could have taken place.

It follows that we have no occasion to decide whether such a motion to dismiss, if accompanied by matter outside the pleading, would qualify as a motion for summary judgment for Rule 41(a)(1)(i) purposes. *See* 5 Moore's Federal Practice ¶ 41.02[3], at 41–32; *compare Tele-Views News Company v. S.R.B. TV Publishing Co.,* 28 F.R.D. 303, 304 (E.D.Pa.1961) (viewing 12(b)(6) motion as equivalent to motion for summary judgment for Rule 41(a)(1)(i) purposes *whether or not* accompanied by matter outside pleadings) *with Scam Instrument Corp. v. Control Data Corp.,* 458 F.2d 885 (7th Cir. 1972) (motion purportedly seeking partial summary judgment held to be merely motion to dismiss; plaintiff's right to voluntary dismissal not terminated). *See also* the following cases declining to equate various motions with motion for summary judgment: *Merit Ins. Co. v. Leatherby Ins. Co.,* 581 F.2d 137 (7th Cir. 1978); *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250 (5th Cir. 1973); *Nix v. Fulton Lodge No. 2 of International Association of Machinists & Aerospace Workers,* 452 F.2d 794, 797–98 (5th Cir. 1971), *cert. denied,* 406 U.S. 946, 92 S.Ct. 2044, 32 L.Ed.2d 332 (1972).

■ Although the possibility of partial summary judgment was discussed at the hearing and was no doubt eagerly contemplated by defendants, summary judgment "in the air" simply does not satisfy the explicit Rule 41 requirement that a defendant follow one of two specified courses of action in order to terminate plaintiff's right to dismiss his action without prejudice. Because a motion for partial summary judgment was only contemplated rather than actually served, we may also leave for another day the question whether a motion for *partial* summary judgment qualifies as a motion for summary judgment under Rule 41(a)(1)(i).

As an alternative to their "equivalency" argument, appellees contend that even in the absence of service of an answer or a motion for summary judgment, plaintiff's right voluntarily to dismiss the action had been foreclosed before he filed his notice of dismissal because the merits of the controversy had been raised before the district court.

Only once since the adoption of Rule 41 has this Court relied on this "merits of the controversy" rationale to reach a result not authorized by the plain language of the rule. In *Harvey Aluminum v. American Cyanamid Co.,* 203 F.2d 105 (2d Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), plaintiffs moved for, and obtained, an *ex parte* temporary restraining order pending the hearing and determination of their motion for a preliminary injunction against the transfer of certain assets by defendant. After an evidentiary hearing lasting several days and generating a record of over 400 pages, the district court dissolved the temporary stay and denied a preliminary injunction, finding *inter alia* that plaintiffs' chances of success on the merits were "remote, if not completely nil." 203 F.2d at 107. Plaintiffs then amended their complaint, filed a notice of appeal from the denial of a preliminary injunction and applied for a stay pending the appeal. Defendants in turn obtained an *ex parte* order staying plaintiffs and directing them to show cause why they should not be enjoined from commencing legal proceedings in any other jurisdiction involving the same subject matter. In response, plaintiffs filed a notice of dismissal. Defendants appealed to this Court from the district judge's denial of their motion to vacate the notice of dismissal. Reasoning that the purpose of Rule 41 was to facilitate voluntary dismissals but to limit them to an early stage of the proceedings before issue is joined, and noting that the merits of the controversy had been "squarely raised" in the course of the extended proceedings below, this Court

held that a literal application of Rule 41(a)(1) to the case at hand "would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached." 203 F.2d at 108.

*Harvey Aluminum* has not been well received. Although its rationale is occasionally reiterated in dictum, subsequent cases have almost uniformly either distinguished *Harvey Aluminum*, limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned. *See, e. g.,* distinguishing *Harvey Aluminum: Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters,* 506 F.2d 914, 916 (5th Cir.), *cert. denied,* 422 U.S. 1048, 95 S.Ct. 2665, 45 L.Ed.2d 700 (1975) (*Harvey Aluminum* distinguished as motivated by "exceptional equitable considerations"); *Littman v. Bache & Co., supra,* 252 F.2d 479; *Toulmin v. Industrial Metal Protectives, Inc.,* 135 F.Supp. 925 (D.Del.1955); *Progressive Steelworkers Union v. International Harvester Corp.,* 70 F.R.D. 691 (N.D. Ill.1976); *Sheldon v. Amperex Electronic Corporation,* 52 F.R.D. 1, 8–9 (S.D.N.Y.), *aff'd,* 449 F.2d 146 (2d Cir. 1971); *Gianis & Co. v. Ostrau,* 43 F.R.D. 405 (S.D.N.Y.1967) (Mansfield, J.); *Tele-Views News Company v. S.R.B. TV Publishing Co., supra,* 28 F.R.D. at 304 ("we are not free to rewrite the provisions of Rule 41"). *See, e. g.,* rejecting *Harvey Aluminum: D. C. Electronics v. Nartron Corp.,* 511 F.2d 294 (6th Cir. 1975); *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters, supra,* 506 F.2d at 916 ("necessity of deciding in every case 'How much preparation is too much?' in itself demonstrates the relative undesirability of the subjective approach endorsed in *Harvey* as opposed to the objective standards embodied in the Rule"). *See also Carter v. United States,* 547 F.2d 258, 259 (5th Cir. 1977) ("Rule 41 . . . sanctions no . . . case-by-case analysis of the amount of effort expended by defendants. . . . We have consistently held that rule 41(a)(1) means

what it says."); 5 Moore's Federal Practice ¶ 41.02[3], at 41–33 to 41–34; 9 Wright & Miller, Federal Practice and Procedure: Civil § 2363, at 157–58. Indeed, four years after the decision in *Harvey Aluminum,* in *Littman v. Bache & Co., supra,* 246 F.2d at 493, our own Court declined to agree or disagree with the *Harvey Aluminum* view "that the rule is not to be construed as it reads."

This cool reception is no doubt due in large part to the realization that while *Harvey Aluminum* may have furthered one purpose of Rule 41(a)(1)(i), that of confining dismissals to an early stage of the proceedings, it did so at the expense of a concurrent and perhaps equally important purpose, that of establishing a bright-line test marking the termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action.

> The drafters of Rule 41(a)(1)(i) . . . did not attempt to effectuate their purpose by phrasing the rule in vague terms or, as in Rules 41(a)(1)(ii) and 41(a)(2), by calling for judicial involvement or the exercise of judicial discretion. Undoubtedly conscious of the incalculable paths which litigation may follow, the drafters employed precise language to define an "early stage" of a proceeding.[8]

*D. C. Electronics, Inc. v. Nartron Corp., supra,* 511 F.2d at 297. The wisdom of the bright-line test established by the rule is attested to by the relative infrequency with which the courts of appeals have been called upon to resolve disputes over interpretation of its provisions.

In addition, as the Fifth Circuit noted in *Pilot Freight Carriers, Inc. v. International Brotherhood of Teamsters, supra,* because the substantial likelihood of plaintiff's success on the merits is always a factor to be weighed by the district court in ruling on an application for preliminary injunctive relief, if *Harvey Aluminum* is broadly read as proscribing dismissal under Rule 41(a)(1)(i) whenever the merits of a controversy have

---

**8.** Rule 41(a) permits voluntary dismissal by (1)(i) unilateral notice, (1)(ii) by stipulation, or (2) by court order. Rule 41(b) authorizes involuntary dismissal in appropriate circumstances. Only dismissal by notice requires no court action to be effective. *See* note 1, *supra.*

been presented to the district court, the result would be a "flat amendment of Rule 41(a)(1) to preclude dismissal by notice in any case where preliminary injunctive relief is sought." 506 F.2d at 916–17. We must agree with the view that "[i]f such a comprehensive modification of the Rule is desirable, the request must be addressed to the Supreme Court and to Congress . . . ." 506 F.2d at 917. To date, although Rule 41 has been amended four times, such a comprehensive modification has not been attempted. *D. C. Electronics, Inc. v. Nartron Corp., supra*, 511 F.2d at 296, 298.

■ Defendants have advanced no countervailing reason that would justify extension of the rationale of *Harvey Aluminum* to cover a case such as the one before us. Here plaintiff filed a notice of dismissal merely 13 days after initiating the action by filing his complaint. The district court had conducted a short untranscribed hearing, lasting less than two hours, during which no testimony was given. Only three causes of action out of the seven alleged in the complaint were addressed in either argument or memoranda of law by either side.[9] Although there may be a point in legal proceedings where the purpose of Rule 41(a)(1)(i) would be better served by abandoning a literal interpretation, the instant case does not approach that point.

In contrast to other methods of dismissal contemplated by Rule 41, voluntary dismissal prior to defendant's service of an answer or a motion for summary judgment is effective in the absence of any action by the court.

> Rule 41(a)(1)[i] is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a *notice* of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running

to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.

*American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963); *D. C. Electronics, Inc. v. Nartron Corp., supra*, 511 F.2d at 296; *Miller v. Reddin*, 422 F.2d 1264 (9th Cir. 1970). Obviously, Rule 41(a)(1)(i) dismissals will no longer be self-executing, as intended, if there is to be frequent judicial intervention for the purpose of determining whether the "equivalent" of an answer or a motion for summary judgment has been served or for the purpose of weighing whether the merits have been sufficiently considered by the court to warrant terminating the plaintiff's right to dismiss the proceedings. We hold, therefore, that at least in cases falling short of the extreme exemplified by *Harvey Aluminum*, notices of dismissal filed in conformance with the explicit requirements of Rule 41(a)(1)(i) are not subject to vacatur.

Although application of Rule 41(a)(1)(i) as written may no doubt on occasion be a source of great frustration to a defendant whose hopes of early victory on the merits are dashed by the filing of a notice of dismissal by a plaintiff seeking to avoid defeat, it does not follow that a defendant is left

> defenseless against the whim and caprice of the plaintiff. . . . [P]laintiff's ability to harass defendant by the filing and dismissing of successive actions involving the same claim or claims is limited and can be cut off completely by the diligence required in the filing [and service] of an answer or motion for summary judgment.

*D. C. Electronics, Inc. v. Nartron Corp., supra*, 511 F.2d at 298. The rule further protects defendants by providing that a plaintiff "can but once voluntarily dismiss without prejudice." *Id.* (footnote omitted). *See also*, on two-dismissal rule, *Poloron*

---

**9.** Plaintiff argued his Lanham Act and common law unfair competition claims; defendants addressed the Lanham Act and copyright infringement claims.

*Prod. Inc. v. Lybrand Ross Bros. & Montgomery,* 534 F.2d 1012 (2d Cir. 1976).

For these reasons we decline to bend the rule by viewing as done that which was almost done.[10] The order appealed from is vacated.

10. One need not be an expert in game theory to conclude that plaintiffs tend to dismiss actions that do not look promising while defendants generally want to obtain an adjudication on the merits in precisely the same cases. As long as the plaintiff has brought himself within the requirements of Rule 41, his reasons for wanting to do so are not for us to judge. Therefore, although the parties fully briefed the question of plaintiff's motivation in availing himself of a Rule 41(a)(1)(i) dismissal, we need not choose between their competing analyses.