**Darin VOGEL Plaintiff,**

v.

**AMERICAN KIOSK MANAGEMENT Defendant.**

**No. CIV.A. 304CV2091JCH.**

United States District Court, D. Connecticut.

May 9, 2005.

Riccardo L. Pate, Westport, CT, for Plaintiff.

Robert A. Horowitz, Greenberg Traurig, New York, NY, Stephen James Curley, Law Offices of Stephen J. Curley, Stamford, CT, for Defendant.

**RULING RE: DEFENDANT'S MO-TION TO DISMISS AND PLAIN-TIFF'S MOTION FOR COLLEC-TIVE ACTION CERTIFICATION, CLASS ACTION CERTIFICATION AND FACILITATE COLLECTIVE ACTION NOTICE**

HALL, District Judge.

The plaintiff, Darin Vogel, filed this class action on December 10, 2004, against defendant American Kiosk Management, LLC. (referred to herein as "AKM"), asserting violations of the Fair Labor Standards Act ("FSLA") 29 U.S.C. § 201, et seq., as well as Connecticut, New Jersey, California, and Maine state wage laws. Specifically, Vogel's action seeks to redress the damages sustained by her and other similarly situated employees of AKM, present and former, because of its alleged violation of the overtime provisions of federal and state labor laws.

Vogel's Complaint asserts six counts against AKM. Count One and Two of Vogel's Complaint is brought on behalf of her and a federal class, and it alleges the willful, reckless, and negligent violation by AKM of § 7(a)(1) of the Fair Labor Standards Act (FSLA), 29 U.S.C. 207(a)(1), prior and subsequent to August 23, 2004. Count Three is brought on behalf of Vogel and a Connecticut class, and it alleges violation by AKM of Connecticut General Statute § 31–76i, as well as the willful, reckless, and negligent violation by AKM of Connecticut General Statutes §§ 31–71a, et. Seq., 31–60, 31–68, 31–76. Count Four is brought on behalf of Vogel and a New Jersey class, and it alleges the willful, reckless, and negligent violation by AKM of New Jersey Statutes § 34:11–56a et seq. Count Five is brought on behalf of Vogel and a California class, and it alleges the willful, reckless, and negligent violation by AKM of California Labor Code § 500–558. Finally, Count Six of Vogel's Complaint is brought on behalf of Vogel and a Maine class, and it alleges the willful, reckless, and negligent violation by AKM of Maine Revised Statutes Title 26 § 603 and 664.

On February 18, 2005, in response to Vogel's Complaint, AKM filed a Motion to Dismiss the Complaint due to lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). Pursuant to Fed. R.Civ.P. 68, AKM extended Vogel an Offer of Judgment, which Offer AKM claims renders Vogel's individual claims in Counts One, Two and Three moot. Accordingly, because Vogel's individual claims are mooted, AKM argues that her collective and class action claims under Counts One through Three are moot as well. Furthermore, AKM argues that Vogel lacks standing to bring the claims asserted in Counts Four, Five, and Six, as she never worked for AKM in any state other than Connecticut.

On March 14, 2005, Vogel filed a brief in opposition to AKM's Motion to Dismiss. Vogel objected to the dismissal of Counts One, Two and Three of the Complaint, but withdrew Counts Four, Five, and Six. Furthermore, on March 21, 2005, Vogel filed a Motion for Collective Action Certification, Class Action Certification, and to Approve and Facilitate Collective Action Notice. In her Motion, Vogel withdrew Count Three with regard to the claims on behalf of a class pursuant to Fed.R.Civ.P. 23. In reply, AKM argues that Counts Three, Four, Five, and Six of Vogel's Complaint should be dismissed with prejudice.

## I. FACTS

### A. Vogel's Filing of Initial Complaint and AKM's Motion to Dismiss

Pursuant to 29 U.S.C. § 216(b), Vogel brought her action on behalf of herself and

in a representative capacity for other similarly situated employees, present and former (who consent in writing to "opt in" to this case) who, since December 8, 2001, were or are presently employed by AKM in any of its places of business in the United States, and who were or are denied overtime pay for hours worked beyond forty hours per week. Furthermore, pursuant to Fed.R.Civ.P. 23, Vogel brought Connecticut, New Jersey, California, and Maine state law claims on behalf of herself and in a representative capacity for other similarly situated employees, present and former, who, since December 8, 2002, were and are presently employed by AKM in those aforementioned states, and who were and are denied overtime pay for hours worked beyond forty hours per week. Vogel's Complaint claims jurisdiction under the provisions of § 16(b) of the FSLA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Vogel claims that during all times relevant to her Complaint, she was an employee as defined by § 3(e)(1) of the FSLA, 29 U.S.C. § 203(e)(1), and that AKM was an employer as defined by § 3(d) of the FLSA, 29 U.S.C. § 203(d).

In its Motion to Dismiss, AKM argues that it tendered its Rule 68 Offer of Judgment well in excess of the maximum statutory relief to which Vogel is entitled in this case, and therefore it renders her individual claim under the FSLA moot because Vogel no longer has a personal stake in the outcome of the litigation. Accordingly, AKM argues this court lacks subject matter jurisdiction, and the case must be dismissed. Furthermore, AKM argues that, because Vogel no longer has a personal claim under the FLSA, Vogel's collective action under section 216(b) of the FLSA is likewise moot, and therefore Vogel's collective FLSA action should be dismissed for lack of subject matter jurisdiction as well.

Thus, according to AKM, Vogel's federal claims fail to meet this Court's jurisdictional requirements and must be dismissed.

AKM's Motion to Dismiss also argues that "fatal deficiencies" exist in Vogel's state law claims, and as a result, those claims must be dismissed. Specifically, AKM argues that Vogel lacks individual standing to bring any claims for the violation of New Jersey, California, and Maine wage laws, because she never worked for AKM in New Jersey, California, or Maine. Thus, without individual/personal standing, AKM claims Vogel cannot represent purported members of those classes, simply because Vogel herself is not a member and lacks standing. Accordingly, AKM argues that Counts Four, Five, and Six of Vogel's Complaint, as they relate to Vogel's individual state wage claims, must be dismissed for lack of subject matter jurisdiction. Furthermore, AKM argues that, because Vogel lacks standing on the individual state wage claims, this court must necessarily dismiss her representative class action claims brought under New Jersey, California, and Maine.

Finally, AKM's Motion to Dismiss argues that Vogel's Connecticut State Wage claim must also be dismissed because it too has been rendered moot by AKM's Rule 68 Offer of Judgment. Because this court does not have the authority to consider moot issues, AKM argues that Vogel's individual claim under Connecticut law, like her FLSA claims, must be dismissed for lack of subject matter jurisdiction. Furthermore, because the Connecticut class has not been certified, and no motion for certification had been filed by Vogel prior to AKM's Motion to Dismiss, Vogel's Connecticut class action is likewise moot and should be dismissed for lack of subject matter jurisdiction.

**B. Vogel's Response to Motion to Dismiss and Motion for Collective Action Certification, Class Action Certification, and to Approve and Facilitate Collective Action Notice**

On March 14, 2005, Vogel filed a Memorandum of Law in Opposition to AKM's Motion to Dismiss. In her Memorandum, Vogel expressly withdrew Counts Four, Five, and Six of her Complaint, but objected to the dismissal of the remaining, non-withdrawn Counts One, Two and Three. However, in Vogel's Motion for Collective Action Certification, Class Action Certification, and to Approve and Facilitate Collective Action Notice, filed March 18, 2005, Vogel elected to withdraw Count Three with regard to the claims on behalf of a class pursuant to Fed.R.Civ.P. 23. Therefore, it appears that Vogel only objects to the dismissal of Counts One, Two, and the remaining individual claims under Connecticut law in Count Three.

In her Opposition Memorandum, Vogel argues that AKM's Rule 68 Offer did not moot her collective action claims based on section 216(b) of the FSLA, and therefore the court still retains subject matter jurisdiction for Counts One and Two. Furthermore, although she does not expressly argue the issue in her brief,[1] it appears that Vogel objects to AKM's argument that a Rule 68 Offer moots her individual claims under the Connecticut General Statutes.

On March 18, 2005, Vogel filed a Motion for Collective Action Certification, Class Action Certification, and to Approve and Facilitate Collective Action Notice. In her Motion, Vogel moves this court for an order (1) certifying her action as a collective action with respect to her claims under the FLSA, (2) authorizing her to send a notice and "opt-in" form to all prospective members of the collective action, and (3) requiring AKM to provide names and addresses of all collective action and class action prospective members within ten days of granting the motion.

**C. AKM's Reply Brief**

AKM's Reply Brief requests that Counts Four, Five, and Six of Vogel's Complaint be dismissed with prejudice because Vogel has withdrawn those counts, and she never had standing to bring any individual or representative claims for the violations alleged in those counts. Furthermore, AKM requests that this court dismiss with prejudice the class action claims asserted on behalf of the putative Connecticut class, as contained in Count Three of Vogel's Complaint, on account of the fact that in her Certification Memorandum, Vogel withdrew Count Three with regard to the claims filed on behalf of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

With regard to Vogel's remaining, non-withdrawn claims, AKM argues that Vogel has presented no argument in opposition to AKM's Motion to Dismiss her individual FLSA and Connecticut state wage claims, and that the record supports a determination that these claims have been rendered moot by AKM's Rule 68 Offer of Judgment. AKM argues that even by Vogel's own account, AKM's settlement offer affords her well in excess of the maximum statutory relief to which she is entitled and which she could ever hope to attain at trial. Therefore, AKM has sufficiently offered to satisfy Vogel's entire demand, and consequently, Vogel cannot by law claim to

---

1. Rather, Vogel argues that the Connecticut class action claims pursuant to FRCP 23 are *not mooted* by the Rule 68 Offer. Because she subsequently withdrew these very claims from her complaint, it is therefore assumed that she only objects to the mooting of her individual claims.

have a personal stake in the present litigation. Furthermore, AKM contends that Vogel cannot rely as she did on decisions involving Rule 23 class actions to support the contention that her FLSA collective action has not been rendered moot by AKM's Rule 68 Offer of Judgment. For these reasons, AKM argues that this court lacks subject matter jurisdiction over Vogel's causes of action, and her individual claims under the FLSA and state wage statute must be dismissed.

## II. DISCUSSION

### A. Impact of Rule 68 on Court's Jurisdiction

Article III, Section 2 of the United States Constitution limits federal court jurisdiction to actual cases and controversies. *Jefferson v. Abrams*, 747 F.2d 94, 96 (2d Cir.1984). "When the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome,' the case is moot". *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam)). The controversy must exist at every stage of the proceeding. *Id.* (citing *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973)).

Fed.R.Civ.P. 68 states,

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or the property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

The primary purpose of Fed.R.Civ.P. 68 is to promote settlements and avoid protracted litigation. Rule 68 provides an additional inducement to settle when there is a strong likelihood "that the plaintiff will obtain a judgment but the amount of recovery is uncertain." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). The offer of judgment rule "prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985).

Federal courts differ in opinion on whether the offer of judgment rule should apply to class actions, which require judicial approval of a settlement. Offers to provide full relief to the representative plaintiff who wishes to pursue a class action must be treated specially under the law, lest defendants find an easy way to defeat class relief. 13A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure*, § 3533.2 (2d ed.1984). Therefore, policy and practicality considerations render the application of the offer of judgment rule to class actions under Fed.R.Civ.P. 23 questionable. *Moore's Federal Practice*, § 68.03[3] (Matthew Bender 3d ed.2004); *See McDowall v. Cogan*, 216 F.R.D. 46, 48–49 (E.D.N.Y.2003) (citing *Moore's*, literal application of Rule 68 presents named plaintiff with "problematic conundrum" of rejecting offer, thereby incurring liability for all costs of litigation, or accepting offer, thereby disregarding fiduciary duty to represent unnamed class members). Allowing Rule 68 judgment offers to apply to class representatives could have the undesirable effect of allowing a defendant to "pick off" a representative plaintiff by way of the offer, which would undercut the viability of the class action procedure and frustrate the objectives of this procedural

mechanism for aggregating small claims. *See Weiss v. Regal Collections,* 385 F.3d 337, 345 (3d Cir.2004) (holding that allowing defendants to "pick off" lead representatives of putative classes contravenes one of the primary purposes of class actions, the aggregation of numerous similar, especially small, claims in a single action). Moreover, a rule allowing plaintiffs to be "picked off" at an early stage in the putative class action may waste judicial resources by "stimulating successive suits by others claiming aggrievement." *Id.* (quoting *Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980)). Accordingly, some lower courts have held that the requirement of court approval of a legitimate class action settlement under Fed.R.Civ.P. 23 puts class actions outside the scope of Rule 68. *See Schaake v. Risk Mgmt. Alternatives, Inc.,* 203 F.R.D. 108, 111 (S.D.N.Y. 2001) ("it has long been recognized that Rule 68 Offers of Judgment have no applicability to matters legitimately brought as class actions pursuant to Rule 23").

On the other hand, it appears that nothing prevents a defendant from attempting to settle a putative class action by making a pre-class-certification offer to the named plaintiff under Rule 68. *Moore's Federal Practice,* § 68.03[3] (Matthew Bender 3d Ed.2004). If the only-named-plaintiff's claim is mooted by an offer giving the plaintiff all relief to which she could legally be entitled, the mooting of the named representative's claim before the filing of a motion for class certification may require dismissal of the case. *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 452–453 (E.D.N.Y. 2000); but *cf. Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,* 242 F.Supp.2d 273, 277–78 (S.D.N.Y.2002) (if offer of judgment made before class certification does not cover all damages claimed by named plaintiff, plus costs and attorney's fees, offer is not sufficient to render plaintiff's claim moot and does not require dismissal of class claims).

Regarding collective actions, the prevailing view in the Second Circuit, and other Circuits, is that actions such as those pursuant to section 216(b) of the FLSA are not subject to Rule 23 requirements and principles. *See Hoffmann v. Sbarro, Inc.,* 982 F.Supp. 249, 263 (S.D.N.Y.1997). More specifically,

> There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FSLA § 16(b). In a Rule 23 proceeding a class action is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under § 16(b) of FLSA, on the other hand, no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent.

*LaChapelle v. Owens–Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir.1975). Thus, unlike Rule 23 class actions, plaintiffs in a collective FLSA action must "opt in" in order to be bound by any judgment or result. *See Scott v. Aetna Servs., Inc.,* 210 F.R.D. 261, 264 (D.Conn.2002); *see also Lawrence v. Town of Irondequoit,* 246 F.Supp.2d 150, 172 (W.D.N.Y.2002) (refusing to grant plaintiffs' requests to apply Rule 23's opt out mechanism to collective action; noting prospective members of collective action must opt in and that court would not "ignore mandates of the FLSA").

■ Therefore, the Rule 23 policy considerations do not apply to collective actions, as the named plaintiff in a section 216(b) action under the FLSA has no procedural right to represent other plaintiffs.

Section 216(b) clearly states that "no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Consequently, even if the section 216(b) plaintiff can demonstrate that there are other plaintiffs "similarly situated" to him, he has no right to represent them absent their consent by an opt-in. *See* 29 U.S.C. § 216(b); *see also Cameron—Grant v. Maxim Healthcare Services, Inc.* 347 F.3d 1240, 1249 (11th Cir.2003) (discussing how section 216(b) is "a fundamentally different creature" than the Rule 23 class action, and holding that the existence of a collective action under section 216(b) does in fact depend on the active participation of other plaintiffs).

■ Therefore, without the inclusion of other active plaintiffs who have "opted-in" to the suit, the section 216(b) plaintiff simply presents only her claim on the merits, *Cameron–Grant,* 347 F.3d at 1249. Thus, the general application of Rule 68 Offers of Judgment applies such that settlement of a plaintiff's claims moots an action. *See Lake Coal Co. v. Roberts & Schaefer Co.,* 474 U.S. 120, 121, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985). Furthermore, if the offer of judgment sufficiently covers all damages claimed by named plaintiff, plus costs and attorney's fees, it may moot the plaintiff's action, even if the plaintiff/offeree declines to accept the offer. See 13A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3533.2 (2d Ed.1984) ("even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case"); *see also Abrams v. Interco Inc.,* 719 F.2d 23, (2d Cir.1983) (where defendant extended an offer of judgment three times the amount of claimed damages, and plaintiff rejected

offer, court held that an offer of judgment in an amount far larger than the plaintiffs could possibly obtain at trial was sufficient to require dismissal after the district court had properly refused to permit the action to proceed as a class action); *Rand v. Monsanto Co.,* 926 F.2d 596, 598 (7th Cir. 1991) (stating that "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate ... and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake").

### B. Asserted Grounds for Dismissal

■ AKM argues that Vogel's Complaint should be dismissed in its entirety pursuant to Rule 12(b)(1). Specifically, AKM requests that Counts Four, Five, and Six of Vogel's Complaint be dismissed with prejudice, because Vogel lacks standing for those counts, and on account of the fact Vogel withdrew those counts in her Opposition Memorandum. AKM also requests that Count Three with regard to the claims on behalf of a class pursuant to Fed.R.Civ.P. 23 also be dismissed with prejudice, on account of the fact Vogel withdrew that count in her memorandum in support of her Motion for Collective Action Certification, etc. As for the remaining, non-withdrawn counts, AKM requests they too be dismissed because AKM's Rule 68 Offer rendered them moot.

Vogel has in fact withdrawn Counts Four, Five, and Six, as well as her Rule 23 action under Count Three, in the context alleged by AKM. Therefore, Vogel appears to claim only Counts One and Two, which assert individual and collective actions under the FLSA, and her individual claims under the Connecticut General Statutes in Count Three. Because Vogel no longer asserts any class action claims invoking Rule 23, this court, in making its determi-

nation whether the Rule 68 Offer moots plaintiff's claims, need not engage in the Rule 23 policy considerations discussed above. The Rule 23 analysis, as it pertains to offers of judgment, does not apply to collective and individual actions. Rather, this court must only determine whether AKM's offer of judgment sufficiently covers all damages claimed by Vogel, plus costs and attorney's fees. If it does, it must then be determined whether Vogel possesses any justification for taking the time of this court and AKM in the pursuit of her individual claims which appear to have been satisfied by AKM.

In the Affidavit submitted in support of Vogel's Motion for Collective Action Certification, Class Action Certification and to Approve and Facilitate Collective Action Notice on March 18, 2005, Vogel claimed: "According to my calculations, during my several months of employment with the Defendant, I worked a total of 24 hours of overtime hours." (Vogel Aff., ¶ 13).[2] Assuming that Vogel's calculations are accurate, she would be entitled to no more than $272.64 in statutory damages for any violation of the FLSA and Connecticut state wage laws, which provide for liquidated damages in the form of double damages. In its December 22, 2004 Offer of Judgment, AKM tendered Vogel $500.00, plus reasonable attorneys' fees and expenses, in full and final settlement of her federal and state wage claims. Given that AKM's offer exceeds Vogel's claim for statutory damages, this court concludes that AKM's offer of judgment sufficiently covers all damages claimed by Vogel, plus costs and attorney's fees. For this reason, the court concludes that Vogel's individual claims, both under the FLSA and Connecticut General Statutes, are moot. Furthermore, because AKM's offer has mooted Vogel's

individual claims, her collective action under the FLSA is moot as well. See Cameron—Grant, 347 F.3d at 1249 (dismissing collective action under FLSA as moot following determination that plaintiff did not have a viable personal claim under the FLSA).

## C. Vogel's Withdrawal of Claims

■ Rule 41(a) permits voluntary dismissal an action, meaning the totality of all component claims asserted against a single defendant, by 1(i) unilateral notice, (1)(ii) by stipulation, or (2) by court order. See Fed.R.Civ.P. 41(a). Pursuant to Rule 41(a)(1)(i), voluntary dismissal by filing of a dismissal notice prior to defendant's service of an answer is effective, in the absence of any action by the court. Thorp v. Scarne, 599 F.2d 1169 (2d Cir.1979). Rule 41(a)(1)(i) specifically requires the "filing" of the notice of dismissal, and it is upon filing that the notice becomes immediately effective. Id. at § 41.33[5][a]. Dismissal by notice is without prejudice to the commencement of another action based on the same claim, and leaves matters as if no action were ever filed. Id. at § 41.33[6][b]. See Fernandez v. Southside Hospital, 593 F.Supp. 840, 842 (E.D.N.Y. 1984) (defendants not entitled to attorney's fees when plaintiffs dismissed suit).

However, a plaintiff wishing to eliminate some but not all claims or issues from the action should amend the complaint under Fed.R.Civ.P. 15(a), rather than dismiss under Fed.R.Civ.P. 41(a). Moore's Federal Practice § 41.21[2] (Matthew Bender 3d Ed.2004). In many instances the procedure for, and effect of, an amendment will be the same as a voluntary dismissal under 41(a)(1) because of the similarities between the governing rules. Id. For example, both rules may be invoked as of right

---

**2.** Vogel was employed by AKM between the dates of April 20, 2004, and August 22, 2004.

Thus, Vogel worked for AKM for approximately four months.

before the service of an answer, or responsive pleading by the opposing party. Furthermore, both rules require that leave be granted freely unless the defendant is prejudiced. Moreover, the Second Circuit has suggested that the choice of rules is immaterial. *See Wakefield v. Northern Telecom, Inc.,* 769 F.2d 109, 114 (2d Cir. 1985) (stating that it is clear that a district court may permit withdrawal of a claim under Rule 15, subject to the same standard of review as a withdrawal under Rule 41(a)).

In her Opposition Memorandum, Vogel gave notice of her withdrawal of Counts Four, Five, and Six of her Complaint. Furthermore, in her memorandum in support of her Motion for Collective Action Certification, Vogel further noticed her withdrawal of Count Three with regard to her claims on behalf of a class pursuant to Fed.R.Civ.P. 23. This suffices for the purposes of notice, and it has been made prior to AKM's service of an answer. Therefore, Vogel's notice of voluntary dismissal is permissible and has been appropriately filed pursuant to Rule 41(a)(1). All other claims having been dismissed, her notice of the dismissal of the remaining claims is effective.

## III. CONCLUSION

For the aforementioned reasons, AKM's Motion to Dismiss Counts One, Two and part of Count Three is hereby GRANTED. Accordingly, Vogel's Motion for Collective Action Certification, Class Action Certification, and to Facilitate Collective Action Notice is hereby DENIED as moot. Furthermore, Vogel has appropriately filed her notice of dismissal of Counts Four, Five, Six, and the remaining part of Count Three. Therefore, AKM's Motion to Dismiss with Prejudice the withdrawn Counts Four, Five and Six of Vogel's Complaint is DENIED. Likewise, AKM's Motion to

Dismiss with Prejudice Vogel's withdrawn Count Three, as it relates to the claims on behalf of a class pursuant to Fed.R.Civ.P. 23, is also DENIED. Because Vogel's Notice of Dismissal dismisses the totality of all remaining claims against AKM, the Clerk is directed to close this case.

**SO ORDERED.**