Alex **SIBERSKY**, and Anita (Phocas) Sibersky, Plaintiffs,

v.

**BORAH, GOLDSTEIN, ALTSCHULER & SCHWARTZ, P.C., Stephen C. Shulman, Felds Realty, L.L.C., Doris Feldstein, Zev M. Feldstein, Jack M. Feldstein, David J. Feldstein, Mala Feldstein and the Estate of Abraham Feldstein, Doris Feldstein Executrix, Defendants.**

No. 99 CIV. 3227(JGK).

United States District Court, S.D. New York.

Nov. 20, 2002.

Paul B. Dalnoky, New York City, for Plaintiff.

Mark K. Anesh, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York City, for Defendants.

## OPINION AND ORDER

KOELTL, District Judge.

The plaintiffs, Anita Phocas Sibersky and Alex Sibersky bring this action against their former landlord, Felds Realty, L.L.C. ("Felds Realty"), the former landlord's law firm, Borah, Goldstein, Althschuler & Schwartz, P.C., and a lawyer at the firm, Stephen C. Shulman (collectively "Borah Goldstein") as well as a group of individuals associated with Felds Realty: Doris Feldstein, Zev M. Feldstein, Jack M. Feldstein, David J. Feldstein, Mala Feldstein, and the estate of Abraham Feldstein, Doris Feldstein Executrix (collectively, the "individual Feldstein defendants"). The first four causes of action were alleged against Felds Realty and the individual Feldstein defendants charging them with discrimination and other allegedly unlawful conduct in their dealings with the plaintiffs in connection with the apartment in which the plaintiffs lived. The fifth cause of action charges that Borah Goldstein engaged in a number of abusive debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* in order to collect debts allegedly owed by Mrs. Sibersky to Felds Realty. The Court has already disposed of all claims against Felds Realty and the individual Feldstein defendants. *See Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,* 99 Civ. 3227, 2002 WL 1610923 (S.D.N.Y. July 22, 2002) [hereinafter *Sibersky II* ].

Defendant Borah Goldstein now moves to compel the plaintiffs to accepts Borah Goldstein's offer of judgment and to dismiss the plaintiffs' claims against Borah Goldstein pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## I.

On a motion to dismiss, the allegations in the Third Amended Complaint ("Complaint") are accepted as true. *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir.1998). In deciding a motion to dismiss, all reasonable inferences must be drawn in the plaintiffs' favor. *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995); *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). Therefore, the defendant's present motion should only be granted if it appears that the plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Grandon*, 147 F.3d at 188; *Goldman*, 754 F.2d at 1065.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court may consider documents that are referenced in the Complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken. *Chambers v. Time Warner, Inc.* 282 F.3d 147, 153 (2d Cir.2002); *see also Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir.1991); *I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co., Inc.*, 936 F.2d 759, 762 (2d Cir.1991); *Skeete v. IVF, America, Inc.*, 972 F.Supp. 206, 208 (S.D.N.Y.1997); *VTech Holdings Ltd. v. Lucent Techs., Inc.*, 172 F.Supp.2d 435, 437 (S.D.N.Y.2001). The Court can consider additional materials on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1).

*See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir.2002); *Antares Aircraft v. Federal Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *aff'd on remand*, 999 F.2d 33 (2d Cir.1993); *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986); *John Street Leasehold, LLC v. Capital Mgmt. Res., L.P.*, 154 F.Supp.2d 527, 533–34 (S.D.N.Y.2001), *aff'd*, 283 F.3d 73 (2d Cir.2002).

## II.

The Court has already set forth a number of relevant factual allegations in this case in two previous Opinion and Orders and assumes familiarity with the Court's prior rulings. *See Sibersky II*, 2002 WL 1610923, at *3–4; *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 99 Civ. 3227, 2000 WL 1448635, at *1–3 (S.D.N.Y. Sept. 28, 2000) [hereinafter *Sibersky I* ]. Unless otherwise indicated, the following facts are either undisputed, are matters of public record, or are alleged in the Complaint and are accepted as true for the purpose of this motion.

The plaintiffs allege that on or about January 26, 1979, the plaintiffs executed a residential lease agreement with the defendant Felds Realty for a two-bedroom apartment located at 301 W. 22nd Street, New York, New York for the rate of $300 per month. (Compl. ¶ 3.) Only Ms. Sibersky was the actual lessee. (Compl. ¶¶ 9, 24.) The incidents giving rise to this action apparently began to occur on or about November 25, 1995 when the plaintiffs suffered extensive water damage to their apartment and their personal property as a result of water leaks in the building. (Compl. ¶ 4.) Roughly three months later, the plaintiffs allege that their apartment became rent-stabilized under New York City regulations. (Compl. ¶ 6.) In the years following, the plaintiffs claim to have suffered a series of misfortunes in their

apartment, including smoke and water damage, and were forced to live with unsanitary conditions including the presence of vermin, the lack of a working toilet, and mold and mildew in the walls. (Compl.¶¶ 7, 10.) During this time, the Siberskys apparently engaged in ongoing negotiations with Felds Realty with regard to making necessary repairs and reparations but an amicable agreement was never reached and, instead, the plaintiffs filed suit in New York State Civil Court on or about July 10, 1998. (Compl.¶¶ 8, 9, 11–14.) The plaintiffs claim to have continuously paid their rent on time, depositing their checks with the Civil Court during the course of that action. (Compl.¶¶ 13, 18.)

On or about September 15, 1998 and September 28, 1998, Borah Goldstein served Mrs. Sibersky with three-day notices on behalf of Felds Realty demanding that she pay the rent due or surrender the premises to Felds Realty; otherwise the landlord would begin proceedings to recover the premises. (Compl.¶¶ 16, 52, 55, 57, 60, 63–65.) These letters constitute the initial communications between Borah Goldstein and the Mrs. Sibersky and were received by her, rather than by Mr. Sibersky. (Compl.¶ 53, 58, 65.) The notices demanded payment of past-due rent totaling $1,908.01, (Compl.¶ 54), a debt allegedly personally incurred solely by Mrs. Sibersky. (Compl.¶ 56.) On October 8, 1998, Felds Realty filed an action to dispossess the plaintiffs of the property for failure to pay rent. (Compl.¶ 16.) On May 18, 1999, Borah Goldstein filed a holdover proceeding on behalf of Felds Realty against Mrs. Sibersky as the tenant, and Mr. Sibersky as the occupant, of the apartment at 301 West 22nd Street. *See Sibersky II*, 2002 WL 1610923, at *4. These proceedings eventually ended by stipulation which Mrs. Sibersky unsuccessfully contested in *Sibersky II*.

### III.

The defendant moves to dismiss the Complaint on the grounds that the offer of judgment made by the defendant, and the plaintiffs' rejection of that offer, moots this action and thus the Court lacks subject matter jurisdiction over the plaintiffs' claims against Borah Goldstein.

Congress enacted the FDCPA in light of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692(a), in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The plaintiffs allege that Borah Goldstein violated the FDCPA by the terms of the two three-day notices sent to Mrs. Sibersky in September 1998. More specifically, the plaintiffs claim that the letters violated three provisions of the statute. First, the plaintiffs allege that Borah violated Section 1692g by failing to included statutorily required language informing the debtor that she in fact had 30 days to contest the validity of the debt. (Compl.¶¶ 50, 61–62.) Second, the plaintiffs claim that Borah violated Section 1692e(11) that requires the debt collector to inform the debtor in the initial communication "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." (Compl.¶ 66.) Finally, the plaintiffs allege a violation of Section 1692e(5) that prohibits debt collectors from making representations that threaten "to take any action that cannot legally be taken or that is not intended to be taken." (Compl.¶ 67.)

On or about April 30, 2001, Borah Goldstein served an offer of judgment upon the plaintiffs' attorney pursuant to

Fed.R.Civ.P. 68. (Affidavit of Christian T. Novay sworn Aug. 1, 2002 (Novay Aff.) ¶ 7.) Rule 68 provides, in part, "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." Borah's offer consisted of the maximum statutory damages of $1000 allowed pursuant to 15 U.S.C. 1692k(a)(2)(A), an additional $500, and costs of the action as well as reasonable attorney's fees as determined by the Court through the date of the offer. (Novay Aff. ¶ 7; Offer of Judgment dated Apr. 23, 2002 attached as Ex. C to Novay Aff.)

Borah claims that the plaintiffs' rejection of the Rule 68 offer moots this action because there is no longer a case or controversy because Borah offered the plaintiffs the complete relief available under 15 U.S.C. § 1692k.[1] However, Borah Goldstein has not, in fact, done so. Borah Goldstein's offer consisted of (i) $1000, which is the maximum amount of statutory damages allowed per proceeding, *see* 15 U.S.C. § 1692k(a)(2)(A); *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 650–51 (6th Cir.1994); *Harper v. Better Bus. Serv., Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) (noting supporting dicta in *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27–28 (2d Cir.1989)); *Wiener v. Bloomfield*, 901 F.Supp. 771, 778 (S.D.N.Y.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F.Supp. 61, 69–70 (E.D.N.Y.1994); (ii) an additional $500; and (iii) costs and attorney's fees as determined by the Court, *see Pipiles*, 886 F.2d at 28; *Shapiro v. Credit Protection Assoc. I, Inc.*, 53 F.Supp.2d 626, 627 (S.D.N.Y.1999); *Teng*, 851 F.Supp. at 70–71; 16 U.S.C. § 1692k(a)(3). But Borah did not offer actual damages as allowed by 15 U.S.C. § 1692k(a)(1). *See Teng*, 851 F.Supp. at 68–69; *Donahue v. NFS, Inc.*, 781 F.Supp. 188, 192–94 (W.D.N.Y.1991). Although the plaintiffs' Complaint did not specifically allege actual damages, paragraph 68 states that Mrs. Sibersky "has been damaged in an amount to be determined at trial." In light of the liberal notice pleading standards, such a statement can be read to include a request for actual damages as allowed by the statute.[2] The Court cannot determine on this

---

1. 15 U.S.C. § 1692k(a) reads:

   Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-
   (1) any actual damage sustained by such person as a result of such failure;
   (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
   (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

2. In their responsive papers, the plaintiffs rely on 15 U.S.C. § 1691e as a basis for actual and punitive damages. But that provision is part of the Equal Credit Opportunity Act ("ECOA") and has no application to this case. *See Thomas v. Pierce, Hamilton, and Stern, Inc.*, 967 F.Supp. 507, 508–09 (N.D.Ga.1997). The FDCPA does not allow for the award of punitive damages. *See Padilla v. Payco Gen. Am. Credits, Inc.*, 161 F.Supp.2d 264, 277 (S.D.N.Y.2001).

motion whether there are such actual damages, and, if so, the amount of such damages.

Some courts have held that when a defendant makes a Rule 68 offer of judgment for the full amount of the damages that could be recovered at trial, the action is moot and should be dismissed for lack of subject matter jurisdiction. *See, e.g., Weiss v. Fein, Such, Kahn & Shepard, P.C.,* 01 Civ. 1086, 2002 WL 449653, at *1 (S.D.N.Y. Mar. 22, 2002); *Ambalu v. Rosenblatt,* 194 F.R.D. 451, 453 (E.D.N.Y. 2000). However, if the offer of judgment does not cover all damages, including costs and attorney's fees, it is plain that the offer of judgment is not sufficient, and the case is not moot. *See Wilner v. OSI Collection Services, Inc.,* 201 F.R.D. 321 (S.D.N.Y.2001); *Weissman v. ABC Fin. Serv., Inc.,* 203 F.R.D. 81, 83 (E.D.N.Y.) In this case, the offer of judgment fails to meet or exceed the sum that could be awarded to the plaintiffs because the offer did not include a provision for actual damages. The Court cannot decide on this motion that there are no such damages. Therefore, the offer of judgment did not render the plaintiffs' claims moot, the Court retains subject matter jurisdiction over the case and the defendant's motion to dismiss pursuant to Fed. R. Civ. P 12(b)(1) is denied.

The defendant also asserts that the case should be dismissed as to the entire class that the plaintiffs seek to certify because the Siberskys' claims are moot in light of their rejection of the Rule 68 offer of judgment. That argument fails because the Court has not dismissed the plaintiffs' claims on the grounds of mootness. The plaintiffs filed a motion for class certification on August 5, 2002. That motion is not yet fully briefed and the Court will set a briefing schedule for that motion.

### IV.

Borah Goldstein also seeks to have the plaintiffs' case dismissed on the grounds that Borah Goldstein is not a debt collector as defined by the FDCPA in 15 U.S.C. § 1692a(6) and thus is not subject to liability under the statute. Section 1692a(6) defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." To determine whether attorney defendants regularly collect debts for purposes of the FDCPA, courts have considered factors including "the percentage of revenue generated by debt collection activities, the sheer volume of debt collection activities, and whether defendants have an ongoing attorney-client relationship with a collection agency." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti,* 155 F.Supp.2d 60, 64 (S.D.N.Y.2001).

In support of the its contention that Borah Goldstein is not a debt collector, the defendant submitted an affidavit by Robert D. Goldstein, Borah's managing partner. (Affidavit of Robert D. Goldstein sworn Aug. 2, 2002 attached as Ex. D to Novay Aff.) In the affidavit, Goldstein states that debt collection constitutes only 4% of Borah's total business and revenue, and that Borah Goldstein does not maintain a relationship with any debt collection agency. (*Id.* at ¶¶ 8, 9.) The plaintiffs allege that the affidavit contradicts an earlier affidavit by Borah Goldstein attorney Myron Altschuler that was submitted to the Second Circuit Court of Appeals in another action. In that affidavit, Mr. Altschuler stated that, "[Borah Goldstein] is a law firm with a large practice representing landlords in New York City. A substantial

portion of [Borah Goldstein's] practice consists of serving eviction notices and prosecuting summary eviction proceedings on behalf of its clients. [Borah Goldstein] has one of the largest such practices in this City." (Affidavit of Myron Altschuler sworn May 22, 1998 attached as Ex. A to Declaration of Paul B. Dalnoky dated Aug. 22, 2002.)

Neither Mr. Goldstein's affidavit nor Mr. Altschuler's affidavit are properly before the Court on a motion to dismiss and thus cannot be considered unless the Court transforms the motion into a motion for summary judgment, which the Court declines to do. *See Friedl v. City of New York,* 210 F.3d 79, 83–84 (2d Cir.2000); *Fonte v. Bd. of Managers of Cont'l Towers Condo.,* 848 F.2d 24, 25 (2d Cir.1988). Thus, the Court cannot decide whether Borah Goldstein qualifies as a debt collector under the FDCPA or whether the affidavits of Goldstein and Altschuler truly contradict one another. The defendant's motion to dismiss on this ground is denied because the Court has no basis on which to determine that Borah Goldstein is not a debt collector subject to the FDCPA.

### V.

Finally, the defendant moves to dismiss the claim that Borah Goldstein violated the thirty-day validation notice required by 15 U.S.C. § 1692g with respect to Mr. Sibersky on the grounds that the section applies only to consumers and thus Mr. Sibersky, as neither a signatory of the lease nor the recipient of the two letters at issue, is not entitled to relief. The Court has already dismissed this claim in *Sibersky I,* 2000 WL 1448635, at *5. To the degree that the plaintiffs' Complaint could be interpreted as realleging a claim by Mr. Sibersky under 15 U.S.C. § 1692(g), Mr. Sibersky has no valid claim for the reasons explained in *Sibersky I,* 2000 WL 1448635, at *4–5, and any such claim is dismissed.

### CONCLUSION

For the reasons explained, Borah Goldstein's motion to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) is denied with respect to all claims except for those brought by Mr. Sibersky under 15 U.S.C. § 1692g.

**SO ORDERED.**