**Jerijah WARD and Geraldine Smalls, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiffs,**

v.

**The BANK OF NEW YORK, Defendant.**

No. 05 Civ. 8474(DC).

United States District Court, S.D. New York.

Oct. 13, 2006.

Locks Law Firm PLLC by Fran L. Rudich, Esq., New York City, for Plaintiffs.

Epstein, Becker & Green, P.C., by Kenneth Welch DiGia, Esq., New York City, for Defendant.

## MEMORANDUM DECISION

CHIN, District Judge.

Plaintiffs Jerijah Ward and Geraldine Smalls, individually and on behalf of all other persons similarly situated, assert claims against defendant The Bank of New York ("BONY"), pursuant to § 16(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 216(b), and New York labor law. Plaintiffs claim they are due from BONY unpaid wages for overtime work for which they did not receive overtime pay and liquidated damages. The FLSA claims are brought as collective action claims and the state law claims as class action claims on behalf of similarly situated individuals.

Before the Court is BONY's motion to dismiss Ward's claims, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, I conclude, on the present record, that Ward's FLSA claims are moot. After dismissing her federal claims, I decline to exercise jurisdiction over her state law claims. Therefore, BONY's motion to dismiss is granted.

## BACKGROUND

### A. Facts

As alleged in the Amended Complaint and set forth in documents submitted in support of and opposition to the motion to dismiss, the facts are as follows.[1]

Ward was employed as a teller by BONY at its branch in Chestnut Ridge, New York (the "Branch"), from about December 2004 until her voluntary resigna-

tion in August 2005. (AC ¶ 35; Def.'s Mem. of Law in Supp. of its Mot. to Dismiss ("Def.Mem.") 1). Ward's pay rate throughout her employment at BONY was $10.00 per hour. (Def.Mem.1). Ward alleges that she often worked in excess of eight hours per day and/or forty hours per week, and that BONY failed to pay her proper overtime compensation of one and one half times her regular hourly rate, and failed to pay her an extra hour's wages for each day she worked over ten hours, in violation of the FLSA and New York labor laws and regulations. (AC ¶ 38).

Ward's hours worked during her employment at the Branch from December 2004 through August 2005 are reflected in biweekly times sheets—initialed by her. (Def.'s Mot. to Dismiss, Ex. A). The time sheets show Ward working in excess of forty hours per week in only two weeks of her employment: During the week of June 23, 2005, she worked 43.75 hours, and during the week of June 30, 2005, she worked 40.50 hours. (Id.). The biweekly total is 84.25 hours. (Id.). Ward prepared the June 23–30, 2005, time sheet herself, entering 84.25 hours as the total of her "regular" hours, and not entering any hours as "overtime" hours. (Id.). No other time sheets show Ward working in excess of forty hours in any week. (Id.). No time sheet shows Ward working in excess of ten hours on any day. (Id.).

Since 1992 Smalls has been employed as an assistant branch manager by BONY at one of its branches in Queens, New York. (AC ¶ 42).

### B. Procedural History

On October 3, 2005, Ward filed the original complaint in this action. Ward brings this FLSA collective action on behalf of all

---

**1.** I consider facts outside the amended complaint because of defendant's challenge to subject matter jurisdiction. (*See* pages 5–6 *infra*).

persons who are, or were formerly, employed by BONY as tellers at any time since September 14, 2002, until entry of judgment in this case; who were non-exempt employees within the meaning of the FLSA; and who were not paid overtime compensation due. (AC ¶ 9). At this time, no persons have opted in to Ward's collective action.

Pursuant to Federal Rule of Civil Procedure 23, Ward also asserts class claims for violation of New York labor laws and regulations on behalf of all persons who were employed by BONY at any time since September 14, 1999, until entry of judgment in this case; who were non-exempt employees within the meaning of New York labor laws and regulations; and who were not paid overtime wages in violation of New York labor laws and regulations. (AC ¶ 20). The class has not been certified.

On November 29, 2005, pursuant to Federal Rule of Civil Procedure 68, BONY made an offer of judgment to Ward for $1,000, inclusive of all damages, liquidated damages, and interest, plus reasonable attorneys' fees and costs. Ward did not accept BONY's offer. (Def.Mem.1).

On March 8, 2006, Ward filed the Amended Complaint, joining Smalls as a party-plaintiff.

Smalls brings her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by BONY as assistant branch managers. (AC ¶ 13). Smalls alleges that she and all other similarly situated employees were improperly classified as exempt employees and were deprived of wages by BONY's failure to pay one and one half their regular pay rate for hours worked in excess of eight hours per day and/or forty hours per week. (Id.). At this time, no persons have opted in to Smalls's collective action.

Pursuant to Federal Rule of Civil Procedure 23, Smalls also asserts class claims on behalf of all persons employed by BONY as assistant branch managers at any time since September 14, 1999, to the entry of judgment in this case, and who were improperly classified as exempt employees by BONY and accordingly paid on a salaried basis. (AC ¶ 28). This class has not been certified.

On March 10, 2006, BONY filed this motion to dismiss, which addresses only Ward's claims.

## DISCUSSION

BONY contends that Ward's FLSA claims should be dismissed on the ground that BONY's Rule 68 offer of judgment moots those claims, and therefore the Court lacks subject matter jurisdiction. I agree that the offer of judgment moots the claims, and therefore Ward's FLSA claims are dismissed.

### A. Applicable Law

#### 1. Federal Rule of Civil Procedure 12(b)(1)

In considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), federal courts "need not accept as true contested jurisdictional allegations." *Jarvis v. Cardillo*, No. 98 Civ. 5793(RWS), 1999 WL 187205, at *2 (S.D.N.Y. April 6, 1999). Rather, a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings. *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir.2000); *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 932 (2d Cir. 1998). As the party "seeking to invoke the subject matter jurisdiction of the district court," *Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir.1996), the plaintiff bears the burden of demonstrating by a preponderance of the evidence that there

is subject matter jurisdiction in the case. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir.2005). Though "no presumptive truthfulness attaches to the complaint's jurisdictional allegations," *Guadagno v. Wallack Ader Levithan Assoc.*, 932 F.Supp. 94, 95 (S.D.N.Y.1996), a court should " 'constru[e] all ambiguities and draw[ ] all inferences' in a plaintiff's favor." *Aurecchione*, 426 F.3d at 638 (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000), and citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) ("[I]t is well established that, in passing on a motion to dismiss ... on the ground of lack of jurisdiction over the subject matter ..., the allegations of the complaint should be construed favorably to the pleader.")).

### 2. *The FLSA*

The FLSA provides that an employer must compensate any employee at a rate not less than one and one half times the employee's regular compensation for all hours worked in excess of forty hours per workweek. 29 U.S.C. § 207(a). Under § 16(b) of the FLSA, an employer who fails to properly compensate an employee for overtime wages is liable for the unpaid wages, plus an equal amount in liquidated damages. 29 U.S.C. § 216(b). An employer who violates 29 U.S.C. § 215(a)(3), by discharging or otherwise discriminating against an employee who files a complaint under the FLSA, is liable for appropriate legal and equitable relief, including, *inter alia*, reinstatement, promotion, and payment of wages lost and an equal amount in liquidated damages. 29 U.S.C. § 216(b). Additionally, in any action to enforce 29 U.S.C. § 216(b), an employer may be liable for reasonable attorneys' fees and costs.

The FLSA permits employees to maintain a collective action "for and in behalf of ... themselves and other employees simi-larly situated." 29 U.S.C. § 216(b). Named plaintiffs must be "similarly situated" to the proposed members of the collective action class, and proposed collective action class members must opt in by formally consenting in writing to being a party to the action. *Id.*

### 3. *Mootness Doctrine*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996). If a controversy is moot, then the Court lacks subject matter jurisdiction over the action. *Church of Scientology v. United States*, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992); *see also Fox v. Bd. of Trs. of the State Univ. of New York*, 42 F.3d 135, 140 (2d Cir.1994). "A case is moot, and accordingly the federal courts have no jurisdiction over the litigation, when the parties lack a legally cognizable interest in the outcome.... The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a personal stake in the litigation." *Fox*, 42 F.3d at 140 (internal quotations and citations omitted). "Without such a personal stake, a court lacks subject matter jurisdiction and the case must be dismissed." *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000) (citing *Fox*, 42 F.3d at 140). "[A] case becomes moot ... when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *In re Kurtzman*, 194 F.3d 54, 58 (2d Cir. 1999); *see also Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir.1993) (holding that a case becomes moot "when it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury").

■ When a defendant offers the maximum recovery available to a plaintiff, the Second Circuit has held that the case is moot and "there is no justification for taking the time of the court and the defendant in the pursuit of minuscule individual claims which defendant has more than satisfied." *Abrams v. Interco Inc.*, 719 F.2d 23, 32 (2d Cir.1983); *see also Weiss v. Fein, Such, Kahn & Shepard, P.C.*, No. 01 Civ. 1086(AGS), 2002 WL 449653, at *3 (S.D.N.Y. March 22, 2002) (finding case moot where "defendants' offer of judgment contains all the available relief sought by plaintiff"). If the offer does not cover all potential relief, however, the case is not moot. *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.*, 242 F.Supp.2d 273, 278 (S.D.N.Y.2002); *Lovelace v. United States*, No. 00 Civ. 1274(LTS), 2001 WL 984686, at *3 (S.D.N.Y. Aug. 27, 2001) (holding case not moot because defendant "fails to provide plaintiff with all to which he would be entitled").

■ Courts have had occasion to consider the issue of mootness in situations similar to the one presented here. Collective actions filed under FLSA § 16(b) require each plaintiff to affirmatively opt in to the action by submitting filed, written consent. 29 U.S.C. § 216(b). Without this consent, no person will be bound by or may benefit from the judgment. *Id., Vogel v. Am. Kiosk Mgmt.*, 371 F.Supp.2d 122, 127 (S.D.N.Y.2005) (citing *LaChapelle v. Owens–Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir.1975)). "Consequently, even if the section 216(b) plaintiff can demonstrate that there are other plaintiffs 'similarly situated' to him, he has no right to represent them absent their consent by an opt-in." *Vogel*, 371 F.Supp.2d at 128 (citing 29 U.S.C. § 216(b); *see also Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir.2003)).

■ If no additional plaintiffs opt in to the lawsuit, the FLSA § 16(b) plaintiff advances only her own individual claims. 29 U.S.C. § 216(b); *Vogel*, 371 F.Supp.2d at 128; *see also Cameron–Grant*, 347 F.3d at 1249. Under Rule 68, an offer of judgment moots an FLSA collective action where the offer satisfies all damages for all plaintiffs, plus all costs and attorneys' fees. *Abrams*, 719 F.2d at 25–26; *Vogel*, 371 F.Supp.2d at 128. This is true even where plaintiff rejects the offer of judgment. *Abrams*, 719 F.2d at 25–26; *Vogel*, 371 F.Supp.2d at 128; *see also Rand v. Monsanto Co.*, 926 F.2d 596, 597–98 (7th Cir. 1991); 13A Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3533.2 (2d ed. 1984) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case.").

Courts have, however, denied a defendant's motion to dismiss on mootness grounds where the plaintiff potentially could recover more than the relief offered by defendant, such as where the offer is not comprehensive, or where the amount due to plaintiff is disputed. *Reyes v. Carnival Corp.*, No. 04–21861–CIV, 2005 WL 4891058, at *3, 2005 U.S. Dist. LEXIS 11948, at *8 (S.D.Fla. May 25, 2005) ("[T]here is no basis ... to conclude that the offer of judgment is definitively for more than the Plaintiff could recover at trial."); *Raney v. Young & Brooks*, No. Civ. A H–05–0410 (SL), 2005 WL 1249265, at *2 (S.D.Tex. Apr. 26, 2005) ("Defendants' offer does not include costs or attorneys' fees."); *Reed v. TJX Cos.*, No. 04 C 1247(DHC), 2004 WL 2415055, at *2 (N.D.Ill. Oct. 27, 2004) ("In the case at bar ... the court cannot determine that [defendant's] offer fully compensates plaintiff for his damages."); *see also Sibersky*, 242 F.Supp.2d at 278; *Lovelace*, 2001 WL 984686, at *3; *Hennessey v. Conn. Valley*

*Fitness Ctrs., Inc.,* No. CV980504488S, 2001 WL 1199840 (Conn.Super.Sept.12, 2001) ("[T]his court finds that the offer of judgment failed to provide complete relief and did not moot [plaintiff's] claim."). Courts also have refused to allow Rule 68 offers of judgment to moot actions where additional plaintiffs have opted in to the FLSA collective action, but have not been made offers of judgment by defendant. *E.g., Reyes,* 2005 WL 4891058, at *3, 2005 U.S. Dist. LEXIS 11948, at *8 ("[T]wo other persons ... have opted in to this suit, and [defendant] has not made offers of judgment to them."); *Reed,* 2004 WL 2415055, at *2 (refusing to dismiss where "[plaintiff] has identified two similarly situated individuals who have filed written consents with this court to join this lawsuit"). Furthermore, courts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment "at the earliest possible time." *E.g., Reyes,* 2005 WL 4891058, at *4, 2005 U.S. Dist. LEXIS 11948, at *10–11 (finding that such a strategy "defeats the collective action mechanism"); *Reed,* 2004 WL 2415055, at *3 ("Of particular concern in this case is the ability of defendant purposefully to moot the class action complaint between the time of filing and class notification or certification").

██ Rule 68 also applies in class actions, where prior to class certification defendant offers plaintiff the maximum amount that plaintiff could recover at trial. *See, e.g., Abrams,* 719 F.2d at 25; *Monsanto Co.,* 926 F.2d at 598; *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP,* 258 F.Supp.2d 157, 159–60 (E.D.N.Y. 2003); *Ambalu,* 194 F.R.D. at 452–53; *Weiss,* 2002 WL 449653, at *3; *Edge v. C. Tech Collections, Inc.,* 203 F.R.D. 85, 87 (E.D.N.Y.2001); *Tratt v. Retreival Masters Creditors Bureau, Inc.,* No. 00–CV–4560 (ILG), 2001 WL 667602, at *2

(S.D.N.Y. May 23, 2001). These cases uniformly find it proper to dismiss a complaint for lack of subject matter jurisdiction when a plaintiff is offered all that the plaintiff could recover at trial. The "offers" in the above cited cases were Rule 68 offers of judgment.

In the context of Rule 23, as with collective actions brought under the FLSA, courts are alert to attempts by defendants to avoid class actions by making Rule 68 offers of judgment to individual named plaintiffs before class certification. *E.g., Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 339, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) ("Requiring multiple plaintiffs to bring separate actions, which effectively could be 'picked off' by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions...."); *Weiss v. Regal Collections,* 385 F.3d 337, 342, 347–48 (3d Cir. 2004) (finding that a Rule 68 offer of judgment did moot plaintiff's individual claims, but allowing a motion to certify plaintiff's class action to relate back to his original complaint for purposes of jurisdiction).

### B. *Application*

██ If Ward cannot demonstrate that BONY's offer of $1,000 fails to fully satisfy her claim, BONY's motion to dismiss must prevail.

Ward does not dispute the accuracy of the time sheets supplied by BONY and initialed by her. Indeed, in the Amended Complaint, Ward states that she was employed by BONY from about December 2004 to March 2005. (AC ¶ 35). In fact, the BONY time sheets for Ward reflect her employment at the Branch from December 2004 through August 2005. (Def.'s Mot. to Dismiss, Ex. A). The time sheets begin in the week of December 23, 2004, with Ward's training, and document every

week, in two week increments, through the week of August 11, 2005. (*Id.*).

Ward complains that "she has not had her own opportunity to review [the BONY] time records to come to her own conclusion as to the amount of overtime due and owing to her." (Pls.'s Mem. of Law in Opp'n to Def.'s Mot. to Dismiss ("Pls.' Mem.") 5 n. 2). Under the FLSA, however, the amount of overtime pay and liquidated damages due Ward is clear. *See* 29 U.S.C. §§ 207(a), 216(b). Moreover, Ward prepared and initialed the time sheets herself, and she has had possession of them in the context of this case for months. If she had an issue with the time sheets, she could have challenged them. She has not.

There were only two weeks during the entire time of her employment at BONY when Ward worked more than forty hours. During the week of June 23, 2005, Ward worked 43.75 hours, and during the week of June 30, 2005, Ward worked 40.50 hours. (Def.'s Mot. to Dismiss, Ex. A). BONY failed to compensate Ward for 4.25 hours of overtime worked, as required by the FLSA. 29 U.S.C. § 207(a). BONY did compensate Ward for these hours at her regular pay rate, $10 per hour. Ward should have been compensated an additional one half times her regular pay rate, or $5 per hour for every hour of overtime worked. *Id.* Accordingly, Ward should have been compensated an additional $21.25. Because BONY failed to properly compensate Ward for overtime hours worked, BONY is liable to Ward for an equal amount in liquidated damages, or an additional $21.25. 29 U.S.C. § 216(b). Thus, pursuant to the FLSA, BONY is liable to Ward for $42.50. Because Ward brought this action to enforce her rights under the FLSA, BONY also may be liable

to Ward for reasonable attorneys' fees and costs. *Id.*

Ward resigned from the Branch in August 2005, before filing this lawsuit. (Def.Mem.1). Ward does not allege that BONY discharged her or discriminated against her in retaliation for filing her FLSA claim. *See* 29 U.S.C. §§ 215(a)(3), 216(b). Ward—voluntarily—was no longer employed by BONY at the time of filing. Therefore, Ward is not entitled to equitable relief under FLSA § 16(b).

In its Rule 68 offer of judgment, BONY offered Ward $1,000, plus reasonable attorneys' fees and costs. This is many times the amount due Ward under the FLSA, and consequently more than she could recover at trial.

Ward argues that BONY should not be permitted to " 'pick off' a representative action plaintiff" with a Rule 68 offer of judgment. (Pls.'s Mem. 6). Ward relies on *Roper* and *Weiss,* which address Rule 68 offers of judgment in the context of Rule 23 class actions, not in the context of FLSA collective actions.[2] The FLSA decisions Ward relies on either concern Rule 68 offers for disputed hours of overtime or lack compensation for reasonable attorneys' fees and costs, or involve collective actions where additional plaintiffs have formally opted in to the lawsuit. *Reyes,* 2005 WL 4891058, at *3, 2005 U.S. Dist. LEXIS 11948, at *8; *Raney,* 2005 WL 1249265, at *2; *Reed,* 2004 WL 2415055, at *2.

Ward's policy arguments about the collective action mechanism of the FLSA do give this Court some pause. Here, however, these policy arguments are not compelling. Ward's damages are definitively calculable under the FLSA, and they are minimal. BONY's offer far exceeds all

---

**2.** Notably, in *Weiss,* the U.S. Court of Appeals for the Third Circuit allowed a Rule 68 offer of judgment to moot plaintiff's individual claims. 385 F.3d at 342.

Ward could recover at trial, and included reasonable attorneys' fees and costs as required by the FLSA. Under the FLSA, Ward can be afforded no equitable relief. Furthermore, in the twelve months since the original complaint was filed, not one individual has come forward to opt in to Ward's FLSA collective action.[3] Hence, Ward advances only her own individual claims.

For the reasons set forth above, I conclude that BONY's Rule 68 offer of judgment did moot Ward's FLSA claims. Accordingly, BONY's motion to dismiss for lack of subject matter jurisdiction is granted.

### CONCLUSION

When, as here, all federal claims in a case are dismissed, leaving only state law claims, it is within the discretion of the district court to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Purgess v. Sharrock*, 33 F.3d 134, 138–39 (2d Cir.1994). "When all bases for federal jurisdiction have been eliminated ... the

federal court should ordinarily dismiss the state claims." *Bd. of Locomotive Eng'rs Div. 269 v. Long Island R.R. Co.*, 85 F.3d 35, 39 (2d Cir.1996) (quoting *Baylis v. Marriott Corp.*, 843 F.2d 658, 665 (2d Cir. 1988)). Here, I decline to exercise supplemental jurisdiction over Ward's state law claims. Accordingly, her claims for violations of New York labor law are dismissed.[4]

For the foregoing reasons, BONY's partial motion to dismiss for lack of subject matter jurisdiction is granted with respect to Ward's FLSA claims, and I decline to exercise jurisdiction over Ward's state law claims. Accordingly, all of Ward's claims are dismissed.

SO ORDERED.

---

3. Smalls joined the lawsuit as the proposed representative of a separate group, the assistant branch managers. (AC ¶ 13). Smalls did not opt in to Ward's collective action. (*Id.*).

4. In any event, Ward's damages under state law are also *de minimis*, and the offer of judgment of $1,000 more than covers those damages as well. Under New York labor law, an employee may recover any underpayment of overtime wages from an employer in a civil action, plus reasonable attorneys' fees and costs. N.Y. Labor Law § 663 (McKinney 2002). If the underpayment was willful, the employer may be liable for an additional twenty-five percent of the underpayment in liquidated damages. *Id.* Regulations adopted pursuant to New York labor law require that an employee receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required for any day in which the total number of hours worked ex-

ceeds ten hours. N.Y. Comp.Codes R. & Regs. tit. 12, § 142–2.4 (2006).

Ward was not compensated for 4.25 hours of overtime pay. As discussed above, Ward was compensated at her regular rate for this time. Under New York labor law, Ward is due an additional one half times her regular compensation rate for this time, or $21.25. Under New York labor law, were BONY's underpayment to Ward found to be willful, BONY would be liable for an additional twenty-five percent of this amount in liquidated damages, or $5.31.

According to Ward's time sheets as provided by BONY, Ward never worked in excess of ten hours on any one day. Therefore, Ward is not entitled to an additional hour of pay for any day worked at the Branch.

Thus, under New York labor law, the most Ward is entitled to recover from BONY is $26.56.