Nicholas RITZ, on behalf of himself and all others similarly situated, Plaintiffs,

v.

MIKE RORY CORP. d/b/a Astoria Brewhouse, Sean Straw, and Brendan Straw, Defendants.

No. 12–CV–0367.

United States District Court, E.D. New York.

Aug. 6, 2013.

Brian Scott Schaffer, Fitapelli & Schaffer LLP, New York, NY, for Plaintiff.

Joseph M. Labuda, Millman Labuda Law Group, PLLC, Success, NY, for Defendants.

## MEMORANDUM AND ORDER

JACK B. WEINSTEIN, Senior District Judge:

### Table of Contents

I.   Introduction ................................................................277

II.  Facts and Procedural History ............................................277

III. Law ........................................................................279

IV.  Application of Law to Facts ............................................280

V.   Conclusion ................................................................282

## I. Introduction

Plaintiff worked as a bartender at the Astoria Brewhouse. He sues defendants, the owners of the establishment, under federal and state law, alleging unlawful employment practices and retaliatory termination. His individual and collective action claims are brought pursuant to the wage-and-hour provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* Defendants have moved for dismissal. Pending the outcome of this motion the magistrate judge stayed notice to putative plaintiffs and defendants' disclosure of the contact information for their employees.

Defendants' motion is held in abeyance. The stay is lifted so the plaintiff may send notice of this action to putative class members and make a motion to substitute or add plaintiffs. Defendants may renew their motion to dismiss at the conclusion of the sixty-day notice period.

## II. Facts and Procedural History

Plaintiff was employed by the defendants from March to November 2011. *See* Pl. Mem. of Law in Opp. to Defs. Mot. to Dismiss ("Pl. Mem."), at 1, May 30, 2013, ECF No. 43. He worked five or six shifts per week, approximately 10 hours per shift, and was paid at the hourly minimum wage level plus tips. *Id.* He alleges that

the defendants consistently underpaid him for the numbers of hours he worked. *See id.* He also asserts that they failed to pay him minimum wages and overtime compensation, and illegally deducted from his compensation for meals he did not receive and for any bar tabs left open by customers at the end of his shift. *Id.* at 1–2.

In the fall of 2011, plaintiff complained to the managers of the Astoria Brewhouse about his unpaid wages. *Id.* at 2. He claims that they did not address his concerns, prompting him to schedule a meeting with the defendant owners. *Id.* According to the plaintiff, the owners did not attend the meeting. *Id.* Three days later, on November 16, 2011, he was terminated in the middle of his shift without, he asserts, any explanation. *Id.*

Plaintiff filed suit on January 26, 2012. *See* Compl., ECF No. 1. He contends that defendants maintained a policy and practice of underpaying the plaintiff and other hourly workers. *Id.* ¶¶ 4–5. Pursuant to the collective action provision of the FLSA he sues on behalf of himself and similarly situated workers who elect to opt-in to this litigation. *Id.* ¶¶ 5; 29 U.S.C. § 216(b). He also brings an individual claim for retaliation under Article 7, Section 215 of New York Labor Law ("NYLL"), seeking back pay and damages. Pl. Mem. at 2.

On September 24, 2012, plaintiff filed for conditional certification as an opt-in collective action. *See* 29 U.S.C. § 216(b). Upon plaintiff's provision of supplemental information, and defendants withdrawing their opposition to the motion, the magistrate judge granted conditional certification on April 17, 2013. *See* Order Granting Mot. for Conditional Cert., Apr. 17, 2013, ECF. On April 30, 2013, defendants were ordered by the court to provide plaintiff's counsel with the contact information for potential class members within seven days. *See* Mem. and Order, at 10, ECF No. 31.

The following day, May 1, 2013, defendants submitted an offer of judgment to the plaintiff under Federal Rule of Civil Procedure 68 for his minimum wage, overtime, and spread of hour violations under the FLSA and state law. *See* Defs. Mem. of Law in Supp. of Mot. To Dismiss ("Defs. Mem."), at 2, ECF No. 42. It is the defendants' position that the offer fully compensated plaintiff for the damages he seeks. *See id.,* at 2.

Plaintiffs did not accept the offer. *See id.*

On May 6, 2013, defendants moved to stay the litigation and the sending of notice to potential class members. *See* Defs. Mot. to Stay, ECF No. 35. Relying on the Supreme Court's recent decision in *Genesis Healthcare Corp. v. Symczyk,* —— U.S. ——, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013), they argued that a stay was warranted because plaintiff's acceptance or rejection of the pending offer of judgment would, in either case, extinguish the FLSA claims, requiring dismissal of the lawsuit as moot. *Id.*

The content of plaintiff's notice to putative class members was approved by the magistrate judge on May 13, 2013. *See* Mem. and Order, ECF No. 38. It provided for a sixty-day notice period within which individuals could opt into the litigation. *See* Mem. and Order, at 5–6, Apr. 30, 2013, ECF No. 31.

On May 16, 2013, defendants moved for dismissal. They asserted that their offer of judgment mooted plaintiff's federal claims and divested this court of subject matter jurisdiction. *See* Defs. Mem., at 1.

On May 17, 2013, the magistrate judge granted defendants' motion to stay disclosure of employee contact information and of notice to potential class members. *See* Order Granting Stay, May 17, 2013. He ordered that the stay remain in effect until

the defendants' motion to dismiss was decided. *See id.*

## III. Law

■■■ "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Ward v. Bank of New York*, 455 F.Supp.2d 262, 266 (S.D.N.Y. 2006) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). "If a controversy is moot, then the Court lacks subject matter jurisdiction over the action." *Id. See also Allard v. Post Road Entertainment*, Civ. No. 3:11–c–v–00901(AWT), 2012 WL 1067680, at *3 (D.Conn. Mar. 30, 2012) (quoting *Ward*, 455 F.Supp.2d at 267).

■ The "offer of judgment rule," governed by Fed.R.Civ.P. 68, when properly applied by a defendant, moots a case. *See Allard*, 2012 WL 1067680, at *3.

■ The rule applies in the context of collective actions under the FLSA. In *Genesis Healthcare Corp. v. Symczyk*, the United States Supreme Court recently ruled that when a defendant's offer of judgment moots a plaintiff's individual claim under the FLSA, the mere presence of collective action allegations in the complaint will not save the lawsuit from dismissal. 133 S.Ct. at 1529. "In the absence of any claimant's opting in, [plaintiff's] suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in the action." *Id.* at 1529. Unlike the instant case, in *Genesis*, at the time of defendant's offer of judgment, plaintiff had not moved for conditional certification under the FLSA. *Id.* at 1530. Nor had the trial court ruled on the issue. *Id.* Plaintiff's argument for the continuing justiciability of her lawsuit was premised only on the collective action allegations in her complaint. According to

the Court, such allegations alone "cannot save the suit from mootness once the individual claim is satisfied." *Id.* at 1529. Even a ruling of conditional certification upon remand to the trial court could not revive the case. *Id.* at 1530.

*Genesis* explicitly left unresolved one fundamental issue: *when* an unaccepted offer of judgment moots a plaintiff's claim under the FLSA. Finding the issue not properly before it, the Court did not reach this question and instead "assume[d], without deciding, that defendant's Rule 68 offer mooted plaintiff's individual claim." *Id.* at 1528–29. It was only after assuming mootness that the Court analyzed consequences. In the context of FLSA cases, therefore, the effect that a defendant's offer of judgment has on the viability of plaintiff's claim, and the overall lawsuit, is a question left to caselaw within the individual circuits.

■ "While the Second Circuit has yet to rule on this issue, district courts in this circuit have held that a Rule 68 offer of full damages [to the named plaintiff for her FLSA claim], even if rejected, may render the case moot and subject to dismissal." *Velasquez v. Digital Page, Inc.*, 842 F.Supp.2d 486, 488 (E.D.N.Y.2012) (collecting cases). A case is dismissed as moot when an offer of full relief to the named plaintiff is rejected and no other parties have opted in the litigation despite reasonable opportunity to do so, especially if no motion for conditional certification has been made. *See, e.g., Darboe v. Goodwill Industries of Greater N.Y. & Northern NJ, Inc.*, 485 F.Supp.2d 221, 223 (E.D.N.Y.2007) (dismissing FLSA collective action as moot because plaintiff rejected the offer of judgment on his individual claim and case had been pending for over a year without any other plaintiffs or motion for conditional certification); *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06–

0468(DRH)(WDW), 2006 WL 3314624, at *4 (E.D.N.Y. Nov. 14, 2006) (dismissing case as moot after full offer of judgment was rejected because "[n]o collective plaintiffs have opted into this action and class certification has not been sought or granted."); *Allard*, 2012 WL 1067680, at *6 (finding that offer of judgment mooted plaintiff's individual FLSA claim and entire case because no other individuals had opted into the lawsuit despite having sufficient time to do so); *Rubery v. Buth–Na–Bodhaige, Inc.*, 494 F.Supp.2d 178, 180 (W.D.N.Y.2007) ("no other plaintiffs have opted in, despite opportunity to do so"); *Ward*, 455 F.Supp.2d at 270 (granting defendant's motion to dismiss because no individual had opted into the litigation in the twelve months since the plaintiff's complaint was filed). "Dismissal is ordered because the FLSA plaintiff … is therefore held to pursue the action only on behalf of himself." *Velasquez*, 842 F.Supp.2d at 488. "Since the individual has been offered the full relief sought, the offer of judgment renders the case moot." *Id.*

■ A Rule 68 offer of judgment will not always moot a plaintiff's action. If the defendant's offer is disputed by the named plaintiff or is less than the full relief that the plaintiff could potentially recover on the claim, the case cannot be dismissed. *E.g., Ward*, 455 F.Supp.2d at 267.

■ More importantly, even if an offer of judgment to a plaintiff is comprehensive and undisputed, courts will not dismiss the case as moot if there is a *pending* motion for conditional certification and additional individuals have opted in the litigation. *See, e.g., Velasquez*, 842 F.Supp.2d at 488 ("In view of the facts that an opt-in plaintiff has been identified and a motion for conditional collective action certification has been made, the court holds that this matter is not moot.") *Rubery*, 494 F.Supp.2d at 181 (denying defendant's mo-

tion to dismiss as premature in light of plaintiff's pending motion for collective action certification and the joinder of putative class members); *Bah v. Shoe Mania, Inc.*, No. 08 Civ. 9380(LTS)(AJP), 2009 WL 1357223, at *2 (S.D.N.Y. May 13, 2009) (holding that even if the offer of judgment was undisputed, the case could not be dismissed in light of plaintiff's pending motion for conditional certification—including authorization to issue opt-in notice to putative class members—and the fact that one additional plaintiff had already joined the action).

■ In general, "courts are wary of attempts by defendants to evade FLSA collective actions by making Rule 68 offers of judgment 'at the earliest possible time.'" *Ward*, 455 F.Supp.2d at 268 (internal citations omitted). *See Velasquez*, 842 F.Supp.2d at 489 ("Plaintiffs counsel has made consistently clear the intent to pursue this matter on a collective basis, and has not been dilatory in seeking conditional certification. The court therefore holds that extending the Offer at this early stage of the litigation does not render this action moot."); *Bah*, 2009 WL 1357223, at *2 ("Even if the amount recoverable by Plaintiff were not in dispute, it cannot be said at this early stage, in the context of a potential collective action under the FLSA, that Defendants' offer of judgment moots this action.").

## IV. Application of Law to Facts

■ With conditional certification granted before the offer of judgment, but the sending of court-approved notice to potential class members stayed, defendants' motion to dismiss is premature. Under the special circumstances of the case, plaintiff should be given time and opportunity to add other plaintiffs to the action or substitute for the present one.

Defendants argue that the Supreme Court's recent ruling in *Genesis* compels dismissal of the plaintiff's case as moot. *See* Defs. Mem. at 5; Defs. Reply Mem. in Further Supp. of Mot to Dismiss, at 3–7, June 3, 2013, ECF No. 46. In *Genesis,* however, the Court explicitly *assumed,* without deciding, that the offer of judgment mooted plaintiff's FLSA claim. *Genesis* does not control. *See Genesis,* 133 S.Ct. at 1528 ("[W]e do not reach this question ... because the issue is not properly before us."). *See also, Velasquez v. Digital Page,* No. CV 11–3892, 952 F.Supp.2d 464, 467, 2013 WL 3376903, at *2 (Jul. 8, 2013) (denying reconsideration, on the basis of *Genesis,* of the court's prior decision that the action was not moot: "Because *Genesis* made no broad ruling regarding Rule 68 offers in general, it cannot be relied upon to change the decision previously reached here."). In addition, *Genesis* is factually distinguishable from the present case. There the plaintiff had not moved for conditional certification as a collective action nor had the trial court ruled favorably for plaintiff on the issue *Id.* at 1529.

Defendants also argue that this action should be dismissed because the offer of judgment provides plaintiff the full relief on his FLSA claims and no other parties have opted in the litigation. *See* Defs. Mem. at 4–5. Although plaintiff disputes the adequacy of defendants' Rule 68 offer, for the purposes of the present motion, it is assumed without deciding that the offer is comprehensive and satisfies plaintiff's FLSA claims.

But this action was conditionally certified as a collective action on April 17, 2013 with no objection from the defendants. *See* Order Granting Mot. for Conditional Cert., Apr. 17, 2013, ECF. The magistrate judge then instructed the defendants to provide plaintiff with contact information for putative class members. *See* Memo-

randum and Order, at 10, Apr. 30, 2013, ECF No. 31; Defs. Mot. to Stay, at 1, May 6, 2013, ECF No. 35. According to the magistrate judge's order of April 30, 2013, within ten days of receiving their contact information, notice was to be sent to putative plaintiffs. *See* Memorandum and Order, at 10, ECF No. 31. It was the very next day, on May 1, 2013, that defendants submitted a Rule 68 offer of judgment to the plaintiff. *See* Defs. Mem. at 2. Five days later, on May 6, 2013, defendants requested that the magistrate judge stay their disclosure of contact information for putative plaintiffs and the issuance of notice to them. *See* Defs. Mot. to Stay, ECF No. 35.

Plaintiff did not accept defendants' offer of judgment. The opt-in notice to putative plaintiffs was finalized on May 13, 2013, after the magistrate judge denied plaintiff's motion for reconsideration of his earlier decision. *See* Memorandum and Order, May 13, 2013, ECF No. 38 (denying reconsideration of April 30, 2013 decision regarding notice); Letter from PL to Court, May 13, 2013, ECF No. 39 (enclosing notice modified and finalized pursuant to court order). Three days later, on May 16, 2013, defendants filed the instant motion to dismiss. On May 17, 2013, pending a decision on the instant motion, the magistrate judge granted defendants' earlier motion to stay the disclosure of employee contact information and the plaintiff's sending of notice to putative class members. *See* Order Granting Stay, May 17, 2013, ECF ("The stay of the sending of notice is granted.... In the event defendants' motion to dismiss is denied, the class list shall be provided no later than 10 days after the court's decision.").

On these facts, defendants' motion to dismiss cannot be decided at this stage of the litigation. Plaintiff has not received employee contact information from the de-

fendants, pursuant to the magistrate judge's order, let alone had the opportunity to send notice to putative class members. This is because defendants requested a stay and then moved for dismissal shortly after plaintiff's motion for conditional certification was granted but before opt-in notice could be sent. *See, e.g., Bah,* 2009 WL 1357223, at \*2–4 (denying defendants' motion for dismissal on the grounds of mootness, conditionally certifying the case a collective action, ordering defendants to disclose employee contact information, and authorizing the issuance of opt-in notice to putative plaintiffs).

Plaintiff shall be permitted to send opt-in notice to potential class members in the manner prescribed by the magistrate judge in his order of April 30, 2013. In accordance with the magistrate judge's order of May 17, 2013, defendants shall disclose contact information for putative plaintiffs within ten days of this decision. At the conclusion of the sixty-day notice period provided by the magistrate judge in his order of April 30, 2013—measured from today's date—defendants may renew their motion to dismiss if appropriate.

## V. Conclusion

Defendants' motion to dismiss is held in abeyance. The current stay on the litigation is lifted. The matter is respectfully referred to the magistrate judge for further proceedings consistent with this memorandum and order.

SO ORDERED.